ASHTON *vs.* THE STATE OF GEORGIA.

1. Where a dwelling-house was occupied by one in charge of a plantation, and he ordinarily slept in one room of it, the entire house was his dwelling-house, although another room may have been occasionally occupied as an office or bed-room by another, who while there was the master.
2. The act of 1879 (page 65) did not alter the law of burglary otherwise than to put burglary, whether committed in the day or night, on the same plane in respect to punishment.

Criminal Law. Burglary. Master and Servant. Laws. Before Judge SNEAD. Richmond Superior Court. April Term, 1881.

Ashton was indicted for burglary. The indictment alleged that he broke into and entered a certain house, the property of Eliza W. Moore, and used as a dwelling-house by one Albert Maddox, with intent to steal certain goods belonging to one William H. Warren.

The evidence was, in brief, as follows: The house belonged to Mrs. Moore, and was situated on a plantation. Maddox was the foreman or manager of the place, and occupied one of the rooms as a bed-room while on the plantation. He had a home in town, but would go to the place constantly. Warren, who seems from the evidence to have been conducting the planting, would at times go to the place, and sometimes slept in one of the rooms, and when there used it as an office. Defendant was caught after having broken into the office-room where there were articles of value.

The jury found a verdict of guilty. Defendant moved for a new trial on the following among other grounds:

(1.) Because the court charged the jury as follows: " I charge you if you find that one of the rooms of this house was used by Albert Maddox as a dwelling, it was, in the eyes of the law, the dwelling-house of Albert Maddox."

(2.) Because the verdict was contrary to law and evidence.

The motion was overruled, and defendant excepted.

THOS. S. BEAN, for plaintiff in error.

BOYKIN WRIGHT, solicitor general, by F. L. HARALSON for the State.

JACKSON, Chief Justice.

1. The defendant was convicted of burglary; he broke and entered a dwelling-house; it must have been with the intent to steal, though he was caught before he committed the felony. The house belonged to Mrs. Moore, as charged in the indictment; it was used as a dwelling-house by Albert Maddox as charged, because he occupied one room of it generally, and had charge of it as foreman of the hands on the plantation. It made no difference that Wm. H. Warren, occasionally when visiting the plantation, lodged in one room, even if he were master, and Maddox servant, when he was there. It was more constantly used by Maddox as a residence or domicile than by Warren. We see no material error in the ruling of the court on these points.

2. The act of 1879 (laws of 1879, page 65) leaves the definition of burglary as it stood before in the Code. Its effect is simply to alter the law of burglary in respect to punishment, putting burglary in the day-time and at night on the same footing, and leaving it to the judge to punish either at his discretion within the extremes of the penalty prescribed—any term of time between the shortest and longest time prescribed.

It leaves burglary a crime, whether the breaking and entering with felonious intent be made day or night.

Judgment affirmed.