JONES vs. THE STATE OF GEORGIA.

1. The verdict was supported by the law and evidence.
2. Under the Code of Georgia, a room or apartment in a public inn becomes the dwelling of a person when it is either occupied or hired by him, and an indictment alleging a room in an inn which was occupied by a servant thereof to be his dwelling, and charging the accused with breaking and entering it with intent to take, steal and carry away the personal goods therein found, was sufficiently technical and could be plainly understood.
(a.) That the room was occupied by another, as well as the prosecutor, does not, in legal contemplation, make it any less the dwelling of the prosecutor. All that the law required was that the indictment should identify the dwelling broken and entered with burglarious intent, and that it should show that it was not the dwelling of the party so breaking and entering, but that it was occupied by the prosecutor.
(b.) There was no error in charging that if the defendant broke and entered the room of the prosecutor for the purpose of committing a felony or larceny, he would be guilty of burglary.
3. Counsel for defendant having consented that the statement as to the confessions of the defendant might be made in the presence of the jury, and when they were ruled out, having stated that he did not ask to rule out any facts discovered in consequence of the confession, there was no impropriety in the remark of the judge to the effect that he ruled out the confession, but did not rule out the testimony in reference to finding the goods, although they were found by reason of the confession.
(a.) Although a confession obtained by means of promises or threats cannot be received, yet if, in consequence of that confession, certain facts tending to establish the guilt of the prisoner are made known, evidence of the facts may be received, together with so much of the confession as relates strictly to the facts discovered by it.

November 17, 1885.

Criminal Law. Evidence. Words and Phrases Confessions. Burglary. Before Judge WILLIS. Muscogee Superior Court. November Adjourned Term, 1884.

Reported in the decision.

GOETCHIUS & CHAPPEL, for plaintiff in error.

THOMAS W. GRIMES, solicitor general, by W. A. LITTLE, for the state.

HALL, Justice.

The defendant was tried and found guilty on an indictment charging him with breaking and entering the dwelling-house of the prosecutor with intent to take, steal and carry away the personal goods therein found. He moved for a new trial, on various grounds, and the motion was overruled; whereupon he alleged error and brought the case to this court.

1. There is nothing in the three first grounds of the motion. Under the law and the evidence in the case, the verdict is well supported; indeed, it would seem to have been demanded, unless the jury saw proper to believe the defendant's statement in preference to the sworn testimony, which we think they very properly declined to do.

2. The fourth and fifth grounds of the motion may be considered together, and they allege that there was error in charging the jury that, "if the defendant broke and entered the room" of the prosecutor (in the Rankin House, where the prosecutor was employed as a servant, and which he occupied jointly with another) "for the purpose of committing a felony or larceny, he is guilty of burglary." The objections urged in argument to this charge, though not " plainly specified," as the law requres, Code, §4251, either in the motion for a new trial, or the bill of exceptions, founded on the judgment refusing the same, are the following:

(1.) That the dwelling-house broken and entered was a room for servants in a public inn, and was not a hired room, and that the prosecutor occupied it as a servant or waiter at said inn.

(2.) The prosecutor occupied the room jointly with another servant, and if a dwelling at all, it was the dwelling of both, and not of the prosecutor alone

That the general allegation in the indictment that this room was the prosecutor's dwelling, would have been insufficient at the common law, is readily admitted, but under our statute defining burglary, it is otherwise; by it " a hired room or apartment in a public tavern, inn or boarding-house shall be considered as the dwelling-house of the person or persons occupying or hiring the same." A room or apartment in such an establishment becomes the dwelling of the person when it is either occupied or hired by him; and under our Penal Code (§4628), every indictment or accusation by the grand jury is deemed sufficiently technical and accurate which states the offense in the terms and language of the Code, or so plainly that its nature may be easily understood by the jury. In this instance, both these requirements were met in the pleading and fully sustained by the proof.

That the room was occupied by another, as well as the prosecutor, does not, in legal contemplation, make it any less the dwelling of the prosecutor. All that the law required was that the indictment should identify the dwelling broken and entered with burglarious intent, and that it should show that it was not the dwelling of the party so breaking and entering, but that it was occupied by the prosecutor. *Goode's case*, 70 *Ga.*, 752.

3. The remaining grounds of the motion have no merit. The defendant's counsel consented that the statement, as to the confessions of the defendant, might be made in the presence of the jury, and when they were ruled out by the court, he further stated that he did not ask to rule out any facts discovered in consequence of the confessions. Under these circumstances, and in dealing with the motion to rule out the confessions, we are unable to perceive the least impropriety in the remarks made by the judge, to which exception is taken, or what influence they could have had in diverting the attention of the jury from the issues before them, or in misleading them as to such portions of the testimony as they were at liberty to consider. " I under-

stand you," said the judge, "to ask that the confessions be ruled out," and he did rule them out and added, "I will not rule out the testimony in reference to finding the goods, although they were found by reason of the confession." These statements by the court carefully separate the evidence that was rejected from that which was retained, and was properly before the jury for their consideration.

It is established law, that although a confession obtained by means of promises or threats cannot be received, yet if, in consequence of that confession, certain facts tending to establish the guilt of the prisoner are made known, evidence of the facts may be received, together with so much of the confession as relates strictly to the facts discovered by it. Roscoe's Cr. Ev., 2d ed., 47; 1 Greenleaf's Ev., 9th ed., §231; 1 Bishop's Cr. Proc., §1242; *Grady vs. The State*, 11 *Ga.*, 253; *Whaley vs. The State, Ib.*, 123; *Berry vs. The State*, 10 *Id.*, 511, 519.

Judgment affirmed.