Hatfield *vs*. The State of Georgia.

---

HATFIELD *vs*. THE STATE OF GEORGIA.

|  |  |
|---|---|
| 76 | 499 |
| 92 | 47 |
| 76 | 499 |
| 115 | 221 |

Where an indictment for burglary alleged that the defendant broke and entered the store-house of " The Walker Iron and Coal Company," with intent to commit a larceny, without stating whether such company was an artificial or natural person or a firm, this did not furnish a ground for arresting the judgment after conviction. At most, the exception went merely to the form of the indictment, and if good, should have been taken before trial.

(*a.*) This case differs from that in 73 *Ga.*, 474.

April 20, 1886.

Criminal Law. Indictment. Corporations. Before Judge FAIN. Dade Superior Court. September Term, 1885.

Reported in the decision.

JAS. HODGE McLEAN, bv brief; B. T. BROCK, for plaintiff in error.

J. W. HAPRIS, solicitor general, by ROBERT B. TRIPPE; T. W. H. HARRIS, for the state.

HALL, Justice.

The defendant was convicted of burglary for breaking and entering the store-house of "The Walker Iron and Coal Company," with intent to commit a larceny, which intent was manifested by stealing therefrom divers articles of merchandise described in the indictment, and thereupon he moved to arrest the judgment, because the indictment failed to allege any person, natural or artificial, who owned the store-house broken and entered with intent to steal, or the goods stolen and carried away therefrom. The motion was overruled, and the judgment denying it is the error alleged. The argument assumes that the indictment should have charged that the "Walker Iron and Coal Company" was either a body corporate, a joint-stock company or partnership, and in the latter case, should have set forth the constituent members of the company or partnership, or should have alleged generally that it was either one or the other, and being silent in this respect, it was fatally defective, in that it averred the name of no person as owner within the meaning of the law, and his counsel cites as in point *Barbour, adm'x, vs. The Albany Lodge, No.* 24, *F. & A. M.,* 73 *Ga.,* 474, where it was held, in a suit to recover property, it must be shown that the defendant was a person capable of being sued, whether natural or artificial, and that the action failed in that instance because there was neither proof nor allegation to that effect. There is no such question involved in this indictment. It is sufficient to show that the defendant broke and entered the store-house of another, with intent to steal, or commit a felony or larceny, and to negative the idea that he had any control over or interest or property in the house or goods, and if the charge is made in the language of the Code, or so plainly sets forth the offense that it may be easily understood by the jury, then the accusation is sufficiently technical and correct. Code, §4628. At most, this exception went merely to the form of the indictment,

and if good, should have been taken before trial; for no motion in arrest of judgment can be sustained for any matter not affecting " the real merits of the offense charged in the indictment." *Ib.*, §4629. The necessity of referring so frequently to these provisions of the Code has become somewhat irksome to the court, and we think it pardonable to call attention to the matter in this pointed way. A careful consideration of what the statutes require to constitute sufficient pleadings in criminal causes would save parties disappointment and the courts much trouble and annoyance.

Apart from these considerations, there seems to be no merit in the exception, for in an indictment which alleged that a corporation was the owner of the house burglariously broken and entered, this court held the allegation as to the incorporation of the owner was mere surplusage and need not be proved. *Crawford's* case, 68 *Ga.*, 822.

Judgment affirmed.