## 49701. GRIFFIN v. THE STATE.

BELL, Chief Judge.

The defendant appeals from his conviction and sentence for burglary. He enumerates as error the sufficiency of the evidence and a portion of the court's charge to the jury. *Held:*

1. At about 4 a. m. on December 28, 1971, a private security guard observed a man outside the Irwin County Tractor Company hiding near a parked flat-bed truck armed with a shotgun and another person on the inside. The guard called the police. Prior to their arrival, the person who had been on the inside joined the shotgun bearer and they crouched under the truck. The police arrived and the two individuals fled into a nearby swampy area of bushes and undergrowth. The police gave chase and one officer fired twice at the fleeing men. Articles shown to have been wrongfully taken from the tractor company were found under the flat-bed truck. At daylight, the co-defendant in this case, Myers, was found by a police officer under some brush lying face down. Myers arose and stated "I'm drunk, I'm drunk, what's going on?" A few minutes later a pistol, shoulder holster

and shotgun were found nearby. At about 10 a. m. on December 28th, a state's witness who lived adjacent to the swampy area saw the defendant coming from the direction of a nearby abandoned house. Defendant was very dirty and he asked the witness for permission to enter the latter's home to "clean up." Permission was granted. The police were notified and defendant was arrested inside the home armed with a pistol. In an unsworn statement the defendant stated that while on a drinking spree with Myers, both heard shots and they ran into the "bushes"; and then defendant crawled under a house and went to sleep. Upon awakening later, he saw a man drawing water from a well and he went to the latter's house to clean up where he was arrested. All these facts and circumstances when taken together authorized the defendant's conviction and excluded every other reasonable hypothesis save that of the guilt of the defendant. Code § 38-109.

2. The court's charge to the jury on the treatment to be given the defendant's unsworn statement was in accord with Code Ann. § 38-415 and appellate decisions. *Waldrop v. State,* 221 Ga. 319, 323 (7) (144 SE2d 372) and *Harris v. State,* 118 Ga. App. 848 (5) (166 SE2d 94).

*Judgment affirmed. Quillian and Clark, JJ., concur.*

SUBMITTED SEPTEMBER 10, 1974 — DECIDED OCTOBER 22, 1974.

*Boatright & Boatright, J. Laddie Boatright,* for appellant.

*W. J. Forehand, District Attorney,* for appellee.