## 32017. MURPHY v. THE STATE.

HILL, Justice.

The defendant was convicted by a jury of rape, burglary and armed robbery. He was sentenced by the Superior Court of Chatham County to life in prison for the rape and to concurrent terms of twenty years each for the burglary and the armed robbery.

While the victim's father and mother were in Hawaii, the victim had a girlfriend spend the night with her. Upon retiring on the evening of June 23, 1975, the victim locked not only the house but also the bedroom door. Early on

June 24, there was banging on the bedroom door. The victim's friend ran to the bathroom and hid in the shower. The defendant entered the room carrying a flashlight and pistol.

The defendant took money from the victim, made her undress and tied her hands to the bed. He then went in search of more money. While he was gone, the victim freed one hand and was able to unload the gun (which had been left on the bed) and kick the bullets under the bed. Upon his return, the defendant raped the victim. She noted an area of acne or rash on his neck. Taking the keys to the victim's car, the defendant left.

When the police arrived they found pry marks on a window, a bedroom door with its latch broken, and four .32 caliber bullets. The victim described her assailant and stated that he was wearing a short sleeve blue shirt and dark pants.

A cashier at a nearby convenience store identified the defendant as the man with acne under his chin who entered his store about 2 a.m. on June 24 wearing a light blue shirt and dark pants. At a lineup on June 24, the victim identified the defendant as her assailant.

1. The defendant contends that a search warrant was issued without probable cause and that a box of .32 caliber bullets and items of clothing obtained as a consequence should have been suppressed by the trial judge. On the day of the crimes an affidavit of a police officer was submitted to the magistrate with the request for a search warrant. The affidavit gave ample facts to show probable cause that the crimes had occurred and that the items (a .32 pistol and prying tool) were instruments of the crimes. In addition the affidavit stated that at 2:15 a.m., a time shortly after the completion of the crimes, the defendant was in the vicinity of a home where the crimes occurred. The affidavit also stated that two witnesses, one of whom is the defendant's brother-in-law, reported being called by defendant, that the two picked up the defendant at a convenience store in the vicinity of the home shortly after 2:15 a.m., and that the defendant had then admitted that he was in some trouble. The record reveals that the issuing magistrate also was informed that the defendant had been arrested and that the victim

had selected him from a lineup as the perpetrator of the crimes.

The affidavit stated that it is "presumed" that the pistol is in the suspect's possession at his house or in his car parked at his house. Defendant does not argue that there was not a sufficient showing that an offense had been committed or that the items sought were connected with it. Defendant does argue that there was not any showing that the pistol would be found at his house. He points out that the officer who made the affidavit to obtain the warrant was unable to aver that the defendant ever returned to his house after the crimes were committed. He urges that the Fourth Amendment requires that the affidavit state facts which lead to the belief that the property sought to be obtained from the search is on the premises to be searched.

Basic to the reasonableness of a search under the Fourth Amendment is the finding of probable cause. There is some authority that the probable cause finding must be based on more than the conclusion that a crime was committed and that the items sought are connected with the crime. Authorities indicate that the magistrate must also have a sufficient reason to believe that the items will be found in the place to be searched. United States v. Old Dominion Warehouse, Inc., 10 F2d 736, 738 (2d Cir. 1926); People v. Wright, 367 Mich. 611 (116 NW2d 786) (1962); People v. Dolgin, 415 Ill. 434 (114 NE2d 389) (1953); Comment, 28 U. Chi. L. Rev. 664, 687 (1961).

Under certain circumstances it is reasonable for a police officer to infer that items will be found in a specific place. In United States v. Old Dominion Warehouse, Inc., supra, at 738, a search warrant for illegal whiskey was challenged because it did not show that the barrels had been left at the warehouse. The affiant stated that he saw a truck loaded with 10 or 12 barrels drive into the warehouse. Judge Learned Hand stated that the officer's inference that the barrels were left at the warehouse was reasonable. "A warehouse is for the storage of goods, and men ordinarily bring things there to leave them. It is perhaps possible that the truck went there to add to its load; but we may take notice that a dozen barrels is in

itself a fair load. No more is required than a fair presumption; the probabilities are with the officer's conclusion."

There is a considerable difference between a suspicion or belief that narcotics are located a certain place (Aguilar v. Texas, 378 U. S. 108 (84 SC 1509, 12 LE2d 723) (1964)), or that gambling is being conducted at a certain place (Spinelli v. United States, 393 U. S. 410 (89 SC 584, 21 LE2d 637) (1969)), on the one hand, and a search for physical evidence used in the actual commission of a crime in premises occupied by a person identified as having committed that crime.

In the case before us the magistrate was informed that the defendant was seen in the vicinity of the victim's home at 2:15 in the morning, that the victim had identified the defendant in a lineup, that a pistol and a prying tool were used in connection with the crimes and that the defendant's home was within the city. From these facts it was reasonable to infer or "presume" that the defendant at that time of morning would go to his home taking the pistol and prying tool with him and that he would then leave the items there.

We hold that the search warrant at issue this case was not made defective by the officer's candor in stating that it was "presumed" that the pistol was at the defendant's house or a car parked there. There was probable cause for issuance of the warrant and the trial court did not err in overruling the motion to suppress the evidence.

2. The defendant alleges error in the denial by the trial court of his motion for a directed verdict as to the burglary because of a purported failure by the state to prove ownership of the premises and to prove an unauthorized entry. "Ownership," as that term is used in property law, is not an essential ingredient to proving that the premises entered were "the dwelling house of another" within the meaning of our burglary law, Code Ann. § 26-1601. *Trice v. State,* 116 Ga. 602 (42 SE 1008) (1902). In *Jones v. State,* 75 Ga. 825 (2) (1885), the court upheld a conviction of burglary of a room in a public inn, saying: "All that the law required was that the indictment should identify the dwelling broken and entered with

burglarious intent, and that it should show that it was not the dwelling of the party so breaking and entering, but that it was occupied by the prosecutor."

Here the testimony was that the residence was rightfully occupied by the victim on the night of the crimes as her dwelling place, see *Ashton v. State,* 68 Ga. 25 (1881); *Jones,* supra. There is no evidence suggesting that the home entered was occupied by the defendant or otherwise was his dwelling house.

Defendant contends that the evidence did not show that the burglary was of the "dwelling of R.L.M." as charged in the indictment, and that failure to prove this allegation by certified deeds is a fatal variance. Without intimating that the fatal variance contention has validity (see *Dobbs v. State,* 235 Ga. 800 (3) (221 SE2d 576) (1976)) we find that competent evidence supports the indictment. The best evidence rule is not applicable here. *Hall v. State,* 7 Ga. App. 115 (3) (66 SE 390) (1909). The victim testified that she lived with her parents, that her father was R.M., and that she was at his home when the crimes occurred. This testimony adequately established that the premises entered by defendant were the "dwelling of R.L.M." as charged in the indictment. *Jones v. State,* supra, *Yarborough v. State,* 86 Ga. 396 (12 SE 650) (1890); see *Trice v. State,* supra; *Hatfield v. State,* 76 Ga. 499 (1886). The property law cases relied upon by the defendant, e.g., *City of Marietta v. Glover,* 225 Ga. 265 (167 SE2d 649) (1969), are not applicable in criminal cases.

The owner, R.L.M., did not testify. The defendant contends that the state failed to prove that the dwelling was entered "without authority" of the owner. The state proved that the dwelling was entered without authority of the victim, the lawful occupant. This was sufficient to allow the case to go to the jury for decision, where the defendant did not offer to show that entry was made with the authority of the owner. *Hall v. State,* supra.

3. Defendant contends the trial court erred in allowing expert testimony of test results concerning four vaginal swabs. Defendant alleges that the prosecution did not establish to a reasonable certainty that no substitution or altering of the swabs occurred. There was

evidence to show that the doctor placed the swabs in a container marked in his hand which container he identified at trial. The doctor stated that the swabs "appeared" to be the swabs he used, although he had not marked them individually. There was evidence from which the jury was authorized to determine the custody of the container through the time the tests were conducted. This evidence authorized the trial judge to find that the objects of the expert testimony were adequately identified. *Campbell v. State,* 136 Ga. App. 338 (3) (221 SE2d 212) (1975). Thus the court did not err in admitting the testimony of the crime lab employee as to the result of tests performed on the swabs.

*Judgment affirmed. Nichols, C. J., Undercofler, P. J., Jordan and Hall, JJ., concur. Ingram, J., concurs in the judgment only.*

ARGUED FEBRUARY 17, 1977 — DECIDED APRIL 20, 1977 — REHEARING DENIED MAY 11, 1977.

*Falligant, Sims & Hunter, Robert E. Falligant, Jr.,* for appellant.

*Andrew J. Ryan, III, District Attorney, Robert M. Hitch, III, Assistant District Attorney, Arthur K. Bolton, Attorney General, Isaac Byrd, Staff Assistant Attorney General,* for appellee.