## 54638. BLACK v. THE STATE.

DEEN, Presiding Judge.

Appellant was indicted, tried, and convicted of burglary. In his sole enumeration of error appellant complains that the state failed to prove beyond a reasonable doubt that he entered or remained in the apartment of the lawful tenant without the tenant's authority. We disagree with this contention. The jury found that on January 26, 1977, appellant ". . . did unlawfully and without authority enter the building, to wit: dwelling of Theresa Coles with intent to commit a theft therein, contrary to the laws of Georgia . . ." as charged in the indictment. There is ample evidence to support the jury verdict.

Ms. Coles, a college student, returned home from classes to the apartment she shared with another woman. She became suspicious when she noticed an open window and heard noises within. When she knocked on the door and asked for her roommate, a black male came to the window and informed her that "she wasn't there." Ms. Coles left and immediately called the police. While describing the intruder to the police, she observed him in the street and he was arrested. She made a positive identification of him both at the time of his arrest and in court during the trial of this case. She also testified that he was without permission to be present in the apartment.

Appellant's argument that the apartment was not rented in Ms. Coles' name and therefore she could not testify that he did not have authority to be on the premises is totally without merit. "'Ownership,'... is not an essential ingredient to proving that the premises entered were 'the dwelling house of another' within the meaning of our burglary law, Code Ann. § 26-1601. *Trice*

*v. State,* 116 Ga. 602 (42 SE 1008)." *Murphy v. State,* 238 Ga. 725, 728 (234 SE2d 911). It is also well established that the testimony of a boarder or renter is sufficient to prove lack of authority or permission to enter a dwelling place. "All that the law require[s] [is] that the indictment should identify the dwelling broken and entered with burglarious intent, and that it should show that it was not the dwelling of the party so breaking and entering, but that it was occupied by the prosecutor. *Jones v. State,* 75 Ga. 825 (2) (1885)." *Murphy,* supra, p. 728.

Ms. Cole's testimony that she lived in the apartment on the date of the burglary and for six or seven months previously, and that she shared living expenses with the lessee was sufficient to prove that she was the lawful occupant of the apartment. See *Ashton v. State,* 68 Ga. 25 (1881); *Jones,* supra. There was no evidence to indicate that the apartment was either occupied by appellant or that it was his dwelling house. See *Murphy,* supra.

*Judgment affirmed. Webb and Birdsong, JJ., concur.*

ARGUED OCTOBER 5, 1977 — DECIDED NOVEMBER 1, 1977.

*Friedman, Haslam & Weiner, Benjamin S. Eichholz,* for appellant.

*Andrew J. Ryan, III,* District Attorney, *Joseph D. Newman, Stephen R. Yekel,* Assistant District Attorneys, for appellee.