## 58448. PHILLIPS v. THE STATE.

SHULMAN, Judge.

The defendant was indicted and convicted on two counts of burglary. We affirm.

1. The defendant alleges error in the trial court's

denial of his motion for directed verdict on Count 2 of the indictment, which count alleged that defendant burglarized the premises of one David Zeluff. Defendant submits that since the state failed to prove ownership of and an unauthorized entry onto the premises of David Zeluff, the evidence was insufficient, as a matter of law, to sustain his conviction. We disagree.

A. " 'Ownership,' as that term is used in property law, is not an essential ingredient to proving that the premises entered were 'the dwelling place of another' within the meaning of our burglary law, Code Ann. § 26-1601. [Cit.]

" 'All that the law require[s] [is] that the indictment should identify the dwelling broken and entered with burglarious intent, and that it should show that it was not the dwelling of the party so breaking and entering, but that it was occupied by the prosecutor.' " *Murphy v. State,* 238 Ga. 725, 728 (234 SE2d 911).

Here the testimony was that the alleged burglarized premises were occupied by the state's witness, Mrs. Zeluff, as her dwelling place. There is no evidence suggesting that the home entered was occupied by the defendant or otherwise was his dwelling place.

Defendant contends that the evidence did not show that the burglary was of the "dwelling of David Zeluff" as charged. Defendant submits that the failure to prove this allegation is a fatal variance. "Without intimating that the fatal variance contention has validity [cit.] we find that competent evidence supports the indictment." *Murphy,* supra, p. 729.

Mrs. Zeluff testified that she resided at the premises in question and that upon entering her home she discovered that certain items of hers and Mr. Zeluff's were missing. This testimony sufficiently established that the premises entered by defendant was the dwelling of David Zeluff as charged in the indictment, and that Mrs. Zeluff was a lawful occupant thereof.

B. Since David Zeluff did not personally testify, the defendant contends that the state failed to prove that the dwelling was entered "without authority" of the owner. "The state proved that the dwelling was entered without authority of. . . the lawful occupant [Mrs. Zeluff]. This was

sufficient to allow the case to go to the jury for decision, where the defendant did not offer to show that entry was made with the authority of the owner. [Cit.]" *Murphy,* supra, p. 729. See also *Black v. State,* 143 Ga. App. 690 (239 SE2d 564).

2. Defendant contends that his convictions were not warranted since both convictions were based entirely on circumstantial evidence, which evidence did not exclude the hypothesis of innocence set forth by the defendant (i.e., that he was voluntarily intoxicated and did not participate in the alleged burglaries).

Questions as to reasonableness of the evidence are to be decided by the jury, and where the jury finds that the evidence, though circumstantial, was sufficient to exclude every reasonable hypothesis except that of guilt, an appellate court will not disturb such finding, unless unsupported as a matter of law. See *Griffin v. State,* 133 Ga. App. 126 (1) (210 SE2d 174). The evidence showed that defendant was in possession of the stolen goods immediately after the alleged burglaries, which evidence unexplained to the satisfaction of the jury authorized the inference of defendant's guilt. *Brown v. State,* 133 Ga. App. 56 (5) (209 SE2d 721). Since we refuse to hold as a matter of law that the evidence did not support a conviction, this enumeration of error is without merit. See also *Sullivan v. State,* 144 Ga. App. 256 (1) (241 SE2d 42).

3. Inasmuch as the defendant testified upon cross examination that he could not say whether or not he entered the homes allegedly burglarized because he was voluntarily intoxicated on drugs at the time of the alleged burglaries, the court's instruction to the effect that voluntary intoxication is not a defense to burglary was properly adjusted to the facts and not harmful error. See, e.g., *Daniel v. State,* 171 Ga. 335 (2) (155 SE 478); *Whisman v. State,* 221 Ga. 460 (6) (145 SE2d 499).

*Judgment affirmed. Deen, C. J., and Carley, J., concur.*

SUBMITTED SEPTEMBER 5, 1979 — DECIDED NOVEMBER 14, 1979 —
REHEARING DENIED DECEMBER 4, 1979 —

*J. Robert Joiner,* for appellant.
*William F. Lee, Jr., District Attorney,* for appellee.