## 65240. PURDUE et al. v. THE STATE.

CARLEY, Judge.

Appellants were tried under a burglary indictment alleging that they, "without authority and with intent to commit a theft therein, did enter the building of the Atlanta Housing Authority located at 2262 Walton Lane, Apt. 1179 . . ." The jury returned a verdict finding appellants guilty. They appeal from the judgment and sentence entered on the verdict.

Under OCGA § 16-7-1 (a) (Code Ann. § 26-1601), a burglary is committed "when, without authority and with the intent to commit a felony or theft therein, [a person] enters or remains within the dwelling house of another or any building, vehicle, railroad car, watercraft, or other such structure designed for use as the dwelling house of another or enters or remains within any other building, railroad car, aircraft, or any room or any part thereof." The evidence in the instant case demonstrates that appellants were discovered carrying a refrigerator near 2262 Walton Lane, an apartment building owned by the Atlanta Housing Authority. A subsequent investigation revealed that the appliance had been removed from Apartment 1179 of that building. Apartment 1179 was a rental unit which had been occupied until very recently but, without the knowledge of the Atlanta Housing Authority, it had been abandoned by the tenant and was vacant at the time of the burglary. The refrigerator was the property of the Atlanta Housing Authority, not its former tenant. The evidence further demonstrates that appellants had no permission or authorization from the Atlanta Housing Authority to enter the premises of Apartment 1179.

Appellants essentially assert that their convictions cannot stand because the evidence fails to demonstrate that the entry into Apartment 1179 was without the authority of the former tenant thereof, who, at the time of the burglary had not informed the Atlanta Housing Authority that the premises had been vacated. Appellants contend that because the Atlanta Housing Authority did not discover that the premises had been vacated until after the burglary, the former tenant was the lawful occupant thereof at the time the crime was committed and that it was therefore incumbent upon the state to prove that entry into the apartment had not been authorized by the former tenant.

The indictment alleged and the evidence demonstrated that the apartment building was actually owned by the Atlanta Housing Authority. The indictment alleged and the evidence further demonstrated that, *at the time of the burglary,* the Atlanta Housing Authority, in addition to being the owner of the building, had

possessory rights in the premises which were at least equal to, if not greater than, those of the abandoning tenant. "Abandonment by the tenant permits the landlord under the terms of the lease to terminate the lease, or to enter and obtain another tenant holding the original tenant liable for any deficiency, or to permit the premises to remain vacant and collect the agreed rent each month. [Cit.]" *Kimber v. Towne Hills Dev. Co.,* 156 Ga. App. 401, 402 (274 SE2d 620) (1980). That the Atlanta Housing Authority was not aware at the time of the burglary of Apartment 1179 that its tenant had abandoned the premises does nothing to alter the fact that, as alleged in the indictment and as proved at trial, the crime as it was actually committed was totally against the Atlanta Housing Authority's property rights. *Phillips v. State,* 152 Ga. App. 671 (1) (263 SE2d 480) (1979). "There was no evidence to indicate that the apartment was either occupied by appellant or that it was his dwelling house. [Cit.]" *Black v. State,* 143 Ga. App. 690, 691 (239 SE2d 564) (1977).

The evidence authorized the verdict of guilty of burglary.

*Judgments affirmed. Shulman, C. J., and Quillian, P. J., concur.*

DECIDED FEBRUARY 18, 1983 —

*Lawrence L. Schneider,* for appellants.

*Robert E. Wilson, District Attorney, Susan Brooks, Assistant District Attorney,* for appellee.