## A97A2356. WILSON v. THE STATE.
### (495 SE2d 894)

SMITH, Judge.

Jackie Wilson was indicted on one count of burglary, OCGA § 16-7-1 (a), one count of possession of tools for the commission of a crime, OCGA § 16-7-20, and two counts of obstruction of an officer, OCGA § 16-10-24 (a). He was convicted on all four counts. Judgment was entered on the jury verdict, and Wilson appeals, raising two enumerations of error concerning the sufficiency of the evidence on the burglary conviction. We find the evidence sufficient to convict Wilson under the standard of *Jackson v. Virginia*, 443 U. S. 307 (99 SC 2781, 61 LE2d 560) (1979), and we affirm.

Construed to uphold the jury's verdict, the State presented evidence that on Christmas night, 1996, Officer Glaze of the Rome Police Department was dispatched to a burglary in progress at an elementary school. Just after arriving at the school, he saw an unidentified man run out of a classroom doorway. Glaze began chasing him toward the back of the school. During the chase, Glaze also saw Wilson running from an area near the classroom that was later found to have been burglarized. Glaze chased both men, but the other individual climbed over a fence and escaped. He continued chasing Wilson into some woods and found Wilson lying on his stomach with his arms underneath him. Wilson refused to cooperate with Glaze's commands to place his hands behind his back. Another officer arrived on the scene, and Wilson continued to refuse to cooperate until one officer sprayed him with pepper spray. Wilson then complied with the officers, and as he was standing up, a pair of white gloves and a screwdriver handle fell to the ground. According to one of the officers, Wilson made the statement that he was "with a John Davis . . . when the burglary was being committed." The two police officers walked back to the school and found that two window frames appeared to have been unscrewed and the glass removed. The officers also found a trash can containing two computers, a printer, a VCR, and some disks "[j]ust right around the corner" from the classroom with the missing windows.

Wilson testified that he went to the school to burglarize it but that on his way into the school, he saw another man running and became frightened and began running himself. He stated that he did not enter the building or take anything from it.

1. Wilson contends the State failed to meet its burden of showing that he entered the school without authority, as required by OCGA § 16-7-1, and therefore the trial court should have directed a verdict of acquittal. We do not agree. Only when the evidence demands a verdict of not guilty can the trial court grant a motion for directed verdict of acquittal. See generally *Williams v. State*, 195 Ga. App. 476,

480 (4) (394 SE2d 123) (1990). The evidence here did not demand a not guilty verdict.

A maintenance and security employee testified that to his knowledge, no one had authority to place the items found by the police officers outside the school on Christmas night. He also stated that Wilson in particular did not have authority to enter or take items from the school. It is true that this witness acknowledged that he had not been provided with an actual list of who could and could not enter the school and that he did not have "personal knowledge" of whom the principal had given permission to come and go from the school. But despite this lack of personal knowledge, this witness was a 15-year employee of the school system with knowledge gleaned from experience of those people who had permission to enter the school. And the jury, like this witness, could infer from the circumstances surrounding the incident that Wilson did not have authority to enter the school. The incident occurred late on Christmas night at a time the school likely would not have been open to the public, and Wilson was seen fleeing from the area. Flight is circumstantial evidence of an accused's guilt. *Quinn v. State,* 222 Ga. App. 423, 424 (1) (474 SE2d 297) (1996). Once caught by law enforcement officials, Wilson was at first uncooperative; when he did cooperate, the officers found that he possessed part of a screwdriver. Removal of the windows from the school had been accomplished in part by removing screws from them. Although this evidence was circumstantial, it was for the jury to determine whether the evidence excluded every other hypothesis save that of Wilson's guilt. See, e.g., *Harris v. State,* 223 Ga. App. 661, 663-664 (478 SE2d 458) (1996). Given the time of year and the time of day, as well as Wilson's flight from the school and his failure to cooperate with the police, the evidence did not demand a verdict of not guilty. The trial court therefore did not err in denying Wilson's motion for directed verdict on the basis of failure to prove Wilson's lack of authority to enter the school.

2. Wilson also contends the evidence was insufficient to convict him because "the evidence is uncontroverted that the only person whom the police officer saw running from the school was another individual besides Mr. Wilson. Accordingly, the officers [sic] version of what they saw at the school was totally consistent with Mr. Wilson's version of the facts that he went to the school to commit a burglary but another individual beat him to it and he never entered the building."

We do not agree with Wilson that reversal is warranted. First, Wilson misstates the record. It is true that Glaze acknowledged that the only person he saw actually running from inside the school building was the other individual, who was not apprehended. But he *did*

observe and chase Wilson as he ran from the area where the burglary occurred.

Second, it is true that Wilson offers an alternative explanation for his presence near the school and the reason why he began running, and this explanation must be taken into account in determining whether the circumstantial evidence was sufficient to convict him. See, e.g., *Bogan v. State*, 158 Ga. App. 1, 2 (279 SE2d 229) (1981). But whether this explanation was reasonable was inherently a question for the jury: "Whether or not in a given case circumstances are sufficient to exclude every reasonable hypothesis save the guilt of the accused, is primarily a question for determination by the jury. This of necessity is so, for we have no legal yardstick by which we can ordinarily determine what in a given case is a reasonable hypothesis, save the opinion of twelve upright and intelligent jurors." (Citations and punctuation omitted.) Id. at 2-3. Only where the evidence is insupportable as a matter of law may the jury's verdict be disturbed, even where the evidence is circumstantial. See *Hulsey v. State*, 210 Ga. App. 251, 253-254 (435 SE2d 713). Given the evidence that Glaze saw Wilson running near the area where the classroom was broken into, along with other evidence concerning Wilson's behavior and the time of day and year as well as the trial court's charge on the applicable law, we cannot say the jury's verdict was insupportable as a matter of law. A rational trier of fact was therefore authorized to find Wilson guilty under the standard of *Jackson v. Virginia*, supra.

We note that *Graves v. State*, 172 Ga. App. 829 (324 SE2d 790) (1984), cited by Wilson, is not binding precedent because one judge on a three-judge panel concurred in judgment only. Court of Appeals Rule 33 (a). More importantly, it is inapposite. The only relation between the burglary and defendant in that case was that the stolen items were found in an unoccupied car owned by defendant and parked near the scene of the burglary. The defendant was not seen or found anywhere in the vicinity of the burglary, unlike Wilson, who was seen running away from the area that was burglarized.

*Judgment affirmed. McMurray, P. J., and Beasley, J., concur.*

DECIDED JANUARY 21, 1998.

*John F. McClellan, Jr.*, for appellant.
*Tambra P. Colston, District Attorney, Bryant G. Speed II, Assistant District Attorney*, for appellee.