A10A1627. CASPER v. THE STATE.

(699 SE2d 852)

BLACKBURN, Senior Appellate Judge.

In this discretionary appeal, David Casper challenges the revocation of his probation, contending that the trial court erred in holding that the evidence supported the finding that Casper violated his probation by committing a burglary. For the reasons set forth below, we affirm.

"A court may not revoke any part of any probated or suspended sentence . . . unless the evidence produced at the revocation hearing establishes by a preponderance of the evidence the violation or violations alleged." OCGA § 42-8-34.1 (b). "This court will not interfere with a revocation unless there has been a manifest abuse of discretion on the part of the trial court." (Punctuation omitted.) *Mullens v. State*.[1] Therefore, "[i]f admissible evidence is presented in support of the allegations regarding revocation of probation, this court will affirm." *Young v. State*.[2]

So viewed, the record shows that on July 9, 1996, David Casper was convicted of aggravated assault on a police officer, driving under the influence, reckless conduct, and attempting to elude. Casper received a 20-year sentence, with 12 years to be served in confinement and the remainder to be served on probation. Some time after dark on October 3, 2009, a witness, who lived in an apartment across the street, saw Casper and a female companion exit the female's duplex apartment and enter a neighboring apartment, which the witness knew had been recently vacated by the most recent tenant. A few minutes later, the witness saw Casper and the female exit the apartment and saw that Casper was carrying a television set. Believing that Casper and the female were burglarizing the vacant apartment, the witness walked across the street to the apartment, demanded that Casper put the television down, and told Casper that he would be calling the police. Without responding in any manner, Casper put the television down and walked back toward the apartment. Subsequently, the witness called the police to report the burglary.

When the police arrived, they arrested Casper and his female companion and contacted the property manager, who arrived shortly thereafter. The property manager knew Casper and the female, having recently shown them the neighboring apartment and having rented that apartment to the female. However, he denied giving them or anyone else permission to enter the vacant apartment. Upon

---

[1] *Mullens v. State*, 289 Ga. App. 872, 872 (658 SE2d 421) (2008).

[2] *Young v. State*, 265 Ga. App. 425, 426 (594 SE2d 667) (2004).

inspecting the apartment with the police, the property manager discovered that a screen to one of the windows at the back of the apartment was lying on the ground and had a fist-sized hole in it.

The State filed a petition for revocation of Casper's probation, alleging that Casper had violated the terms of his probation by committing the felony of burglary. The trial court held a hearing, after which it found that Casper violated his probation by committing the burglary and ordered him to serve the remainder of his probated sentence in confinement. Casper applied for a discretionary appeal, which we granted. This appeal followed.

In his sole enumeration of error, Casper contends that the evidence did not support the trial court's finding that he committed a burglary. Specifically, he argues that the State failed to prove that he entered the vacant apartment without authority. We disagree.

"A person commits the offense of burglary when, without authority and with the intent to commit a felony or theft therein, he enters or remains within the dwelling house of another. . . ." OCGA § 16-7-1 (a). " 'Without authority' is defined as without legal right or privilege or without permission of a person legally entitled to withhold the right." (Punctuation omitted.) *Abney v. State*.[3] See *Brown v. State*.[4] Casper argues that the State failed to prove that he did not have authority to enter the apartment because the most recent tenant did not testify at the hearing that Casper had no such authority. This argument lacks merit.

In this matter, the property manager for the subject apartment testified that the former tenant had abandoned the apartment several weeks prior to the burglary but had left many of his belongings there. Consequently, the property manager locked the apartment's door. The property manager also testified that, while showing the neighboring apartment to Casper and his female companion, he informed Casper that the apartment in question had been recently abandoned by its tenant. However, he further testified that he had not given anyone permission to enter the recently vacated apartment. "We have held that the testimony of an agent or caretaker of the property is sufficient to show that an entry was unauthorized." *Abney*, supra, 240 Ga. App. at 281 (1) (evidence supported burglary conviction where elderly homeowner's son testified that defendant was without authority to enter vacant home); *Wilson v. State*[5] (evidence supported burglary conviction where school's maintenance employee testified that defendant did not have

---

[3] *Abney v. State*, 240 Ga. App. 280, 281 (1) (523 SE2d 362) (1999).
[4] *Brown v. State*, 143 Ga. App. 256, 257 (238 SE2d 258) (1977).
[5] *Wilson v. State*, 230 Ga. App. 271, 272 (1) (495 SE2d 894) (1998).

authority to enter school but conceded that he did not have a definitive list of whom principal had authorized to enter); *Glisson v. State*[6] (burglary conviction supported by testimony of church deacon, who was responsible for maintenance, that defendant had no authority to enter church). See also *Purdue v. State*[7] (burglary conviction upheld despite the fact that former tenant of abandoned apartment did not testify and despite the fact that housing authority, as owner of the apartment, was unaware that it had been abandoned).

Furthermore, the trial court could infer from the circumstances surrounding the incident that Casper did not have authority to enter the apartment. The incident occurred at night, and when confronted by a witness accusing him of burglary, Casper did not protest but rather put down the television and walked away. Additionally, the property manager testified that when he inspected the apartment after being contacted by the police, a screen for one of the back windows had been removed and had a hole punched through it. This circumstantial evidence sufficiently supported the trial court's finding that Casper had no authority to enter the apartment. See *Wilson*, supra, 230 Ga. App. at 272 (1) (evidence that defendant tried to flee, that windows of school had been removed by removal of screws, and that defendant was found with screwdriver showed that defendant was without authority to enter); *Sapp v. State*[8] (evidence that door of residence had been kicked in was sufficient to prove that defendant was not authorized to enter). Accordingly, we discern no abuse of discretion in the trial court's revocation of Casper's probation.

*Judgment affirmed. Barnes, P. J., and Phipps, P. J., concur.*

DECIDED AUGUST 5, 2010.

*Ryan J. Swingle*, for appellant.

*Kenneth W. Mauldin, District Attorney, Antonio E. Veal, Assistant District Attorney*, for appellee.

---

[6] *Glisson v. State*, 165 Ga. App. 342, 342-343 (3) (301 SE2d 62) (1983).

[7] *Purdue v. State*, 165 Ga. App. 466, 466-467 (302 SE2d 118) (1983).

[8] *Sapp v. State*, 158 Ga. App. 443, 444 (280 SE2d 867) (1981).