**THIRD DIVISION**
**ANDREWS, P. J.,**
**DILLARD and MCMILLIAN, JJ.**

**NOTICE: Motions for reconsideration must be**
***physically received* in our clerk's office within ten**
**days of the date of decision to be deemed timely filed.**
**http://www.gaappeals.us/rules/**

**June 21, 2013**

# In the Court of Appeals of Georgia

A12A0848. THE STATE v. RAMBERT.

McMILLIAN Judge.

The State appeals the trial court's order dismissing a burglary indictment filed against Calvin Rambert in response to Rambert's motion in limine asking the court to disallow any third party witnesses (property managers or agents) from testifying on behalf of the property's owner of record.

On March 18, 2011, a grand jury indicted Rambert on one count of burglary and one count of possession of tools for the commission of a crime in connection with the alleged theft of copper from the walls of a vacant building owned by Abraham Vaknin, a New York resident. The matter was originally set for trial in August 2011, but was continued at the request of the State because Vaknin was out of the country. The matter was rescheduled for October, but Vaknin was again unavailable when the

case was called for trial, prompting Rambert's motion in limine to prevent Karen Booker, Vaknin's property manager, from testifying on his behalf. Although the prosecutor indicated that he had correspondence establishing that Booker was the manager for the subject property and the record indicates that she was the party who reported the crime, the trial judge ruled that Booker would not be allowed to testify, stating that he would not "let an agent testify" and would require the property owner to appear himself. The trial court then dismissed the indictment against Rambert with prejudice.[1]

The State argues that the trial court erred in dismissing the indictment because Georgia law authorizes an agent to testify on behalf of a property owner in cases of burglary. We agree.

It is well settled that the State may establish a defendant's lack of authority to enter a building through circumstantial evidence. *Jones v. State*, 258 Ga. 25, 27 (1) (365 SE2d 263) (1988); *Ursulita v. State*, 307 Ga. App. 735, 737 (1) (706 SE2d 123)

---

[1] Rambert also argues that the State failed to present evidence at the hearing showing that Booker actually was Vaknin's agent. But in dismissing the indictment, the trial court did not address the sufficiency of the State's evidence; rather, the court ruled that it would not allow *any* agent to testify. Accordingly, we will not address Rambert's evidentiary argument. See *Glover v. State*, 291 Ga. 152, 153 (2) (728 SE2d 221) (2012) (failure to obtain ruling on issue leaves nothing for appellate court to review).

(2011). And "[w]e have [repeatedly] held that the testimony of an agent or caretaker of the property is sufficient to show that an entry was unauthorized." *Abney v. State*, 240 Ga. App. 280, 281 (1) (523 SE2d 362) (1999) (finding evidence sufficient to support burglary conviction where elderly homeowner's son testified that defendant was without authority to enter vacant home). See also *Casper v. State*, 305 Ga. App. 540, 541 (699 SE2d 852) (2010) (property manager's testimony could establish unauthorized entry for burglary in probation revocation hearing); *Wilson v. State*, 230 Ga. App. 271, 272 (1) (495 SE2d 894) (1998) (evidence supported burglary conviction where school maintenance worker testified that defendant had no authority to enter school even where worker had no comprehensive list of those authorized); *Glisson v. State*, 165 Ga. App. 342, 342-343 (3) (301 SE2d 62) (1983) (testimony of church deacon with responsibility for maintenance sufficient to establish defendant had no authority to enter church); *Purdue v. State*, 165 Ga. App. 466, 466-467 (302 SE2d 118) (1983) (conviction for burglary of abandoned apartment upheld without testimony of former tenant and although housing authority, which owned apartment, did not know apartment had been abandoned). Accordingly, the trial court erred in dismissing the indictment on this ground.

Additionally, we note that the trial court erred in dismissing the indictment with prejudice "[b]ecause a trial court may not impermissibly interfere with the State's right to prosecute." (Citations omitted.) *State v. Aldridge*, 259 Ga. App. 673, 674 (1) (577 SE2d 863) (2003). See *State v. Brooks*, 301 Ga. App. 355, 359 (687 SE2d 631) (2009) (trial court "abuses its discretion when it interferes with the State's right to prosecute by dismissing an accusation without a legal basis to do so") (citation omitted); *State v. Luttrell*, 207 Ga. App. 116 (427 SE2d 95) (1993) ("The Civil Practice Act . . . provides for dismissals with prejudice of *civil* cases, but the court knows of no statutory or case authority which permits such dismissals in *criminal* cases.") (citation and punctuation omitted; emphasis in original).

*Judgment reversed. Andrews, P. J., and Dillard, J., concur.*