**SECOND DIVISION**
**BARNES, P. J.,**
**MILLER and RAY, JJ.**

NOTICE: Motions for reconsideration must be *physically received* in our clerk's office within ten days of the date of decision to be deemed timely filed.
http://www.gaappeals.us/rules/

**February 6, 2014**

# In the Court of Appeals of Georgia

A13A1886. THE STATE v. FIORENZO.

RAY, Judge.

The State appeals from the trial court's dismissal "with jeopardy" of an indictment against Vincenzo Thomas Fiorenzo for sale of a counterfeit substance. Finding that the trial court erred in dismissing the indictment "with jeopardy," we reverse and remand.

On February 13, 2012, the State filed an accusation against Fiorenzo alleging that he unlawfully sold a substance that he represented to be MDMA ("Ecstasy") when, in fact, the substance was not MDMA. On April 27, 2012, Fiorenzo filed a motion indicating his intent to raise the affirmative defense of entrapment, as well as a motion to reveal the identity of the "confidential and reliable informant" who assisted the State during its investigation. On September 4, 2012, Fiorenzo's motion

to reveal the identity of the confidential informant was set for a hearing, but it was continued, per the request of the defendant, until the trial of the case. On March 13, 2013, a pre-trial hearing was held regarding Fiorenzo's pending motions. At the hearing, the trial court inquired whether the State's listed witness was present. The prosecutor informed the trial court that the witness was not present, but that the State could respond to the motions with another officer who was present in court. The trial court then dismissed the case "with jeopardy" based on its conclusion that the State failed to prosecute. The State filed its appeal of this case pursuant to OCGA § 5-7-1 (a) (1)[1] (providing that the State may appeal from an order, decision or judgment setting aside or dismissing any indictment or accusation).

1. The State argues that the trial court erred when it dismissed the criminal charges against Fiorenzo "with jeopardy" as a sanction for the State's failure to present a witness during a pre-trial motion hearing. We agree.[2]

---

[1] We apply the statute in effect at the time of the State's notice of appeal, which is OCGA § 5-7-1, Laws 2006, Act 571, § 3, effective July 1, 2006.

[2] In his brief on appeal, counsel for Fiorenzo concedes that the trial court erred in dismissing the indictment "with prejudice," as it should have been "without prejudice." In fairness to the trial court, however, we note that the order so signed was prepared by defense counsel.

"[A] defendant is not placed in jeopardy until, in a court of competent jurisdiction with a sufficient indictment, he has been arraigned, has pled, and a jury has been impaneled and sworn." (Citation and punctuation omitted.) *Alden v. State*, 314 Ga. App. 439, 440, n. 10 (724 SE2d 451) (2012). The record in the present case does not show that a jury was sworn; therefore, the trial court erred in dismissing the case with jeopardy. See *Neal v. State*, 308 Ga. App. 551, 556 (4) (e) (707 SE2d 503) (2011).

To the extent that the trial court, in dismissing the accusation "with jeopardy," was attempting to dismiss the accusation with prejudice, we likewise conclude that the trial court was incorrect.

> While we recognize the duty of the trial judge to control, in the furtherance of justice, the conduct of its officers and all other persons connected with a judicial proceeding before it . . . The power to control the proceeding of the court is subject to the proviso that in doing so a judge does not take away or abridge any right of a party under the law.

(Citation omitted.) *State v. Brooks*, 301 Ga. App. 355, 359 (687 SE2d 631) (2009). This Court has held that the trial court's power to control proceedings within its jurisdiction includes the discretion to dismiss criminal charges for want of prosecution, so long as such dismissal is *without prejudice*. See *State v. Grimes*, 194

3

Ga. App. 736, 737-738 (392 SE2d 727) (1990) (trial court was authorized to dismiss misdemeanor criminal charge *without prejudice* after the State received a continuance but was not ready on the rescheduled trial date). Compare *State v. Rambert*, 322 Ga. App. 370, 380 (745 SE2d 649) (2013) (finding that trial court erred in dismissing a criminal indictment "with prejudice").

2. We further find that the trial court erred in the present case by dismissing the state's case at all. Although the State was unable to produce the listed witness, it did announce its intent to address Fiorenzo's motions with testimony of another officer. The trial court dismissed the State's accusation for want of prosecution prior to hearing from that witness and prior to making a determination as to whether the State's proposed alternate witness was able to address the issues raised in Fiorenzo's motions.[3] Accordingly, we find that the trial court's dismissal of the indictment was in error and remand the case back to the trial court for consideration under the current indictment. See *Brooks*, supra.

*Judgment reversed and case remanded. Barnes, P. J., and Miller, J., concur as to Division1 and concur in judgment only as to Division 2.*

---

[3] We make no ruling as to whether the proper remedy would have been to dismiss the case if the trial court concluded that the witness produced by the State was not adequate. Arguably, the remedy may have been to order that the identity of the confidential informant be revealed and to continue the case so as to allow the defendant an opportunity to secure such witness's attendance at trial.