**THIRD DIVISION**
**ELLINGTON, P. J.,**
**DILLARD and MCFADDEN, JJ.**

**NOTICE: Motions for reconsideration must be**
***physically received* in our clerk's office within ten**
**days of the date of decision to be deemed timely filed.**
**http://www.gaappeals.us/rules/**

**July 13, 2015**

# In the Court of Appeals of Georgia

A15A0495. THE STATE v. OZMENT.

McFADDEN, Judge.

The state appeals from the trial court's order dismissing three counts of an accusation after the court had accepted the defendant's guilty plea to another count of the accusation. Because the trial court erred in dismissing the counts of the accusation, we reverse the order of dismissal. However, we reject the state's further request that we vacate the sentence imposed for the count to which the defendant pled guilty because the state has failed to carry its burden of showing that the sentence was improper.

In a four-count accusation, the state charged Gregory Ozment with driving under the influence of alcohol with a blood alcohol concentration of .08 grams or more (DUI per se), driving under the influence of alcohol to the extent that he was a

less safe driver (DUI less safe), possessing an open container of alcohol while operating a motor vehicle, and failing to maintain a lane while operating a motor vehicle. Ozment rejected the state's plea offer and proceeded to enter a non-negotiated guilty plea to only the second count of the accusation charging him with DUI less safe. At the plea hearing, Ozment requested that the trial court dismiss the other counts of the accusation. The state objected, noting that the dismissal of any counts should be part of a negotiated plea agreement. The trial judge overruled the objection, accepted Ozment's plea and dismissed the remaining counts, stating, "I've just negotiated it. Thank you for your objection. I will go ahead and I will accept the plea. I will go ahead and dismiss Count One, Count Three and Count Four." The trial court sentenced Ozment to 12 months of probation and entered a final disposition dismissing the other three counts of the accusation. This appeal followed.

1. *Jurisdiction.*

As an initial matter, we note that OCGA § 5-7-1 (a) (1) provides that the state may take an appeal from a trial court "order, decision, or judgment setting aside or dismissing any indictment, accusation . . . or any count thereof." Accordingly, the state's direct appeal from the trial court's ruling dismissing counts of the accusation

2

is properly before us. See *State v. Henderson*, 283 Ga. App. 111, 111-112 (1) (640 SE2d 686) (2006).

2. *Dismissal of the accusation counts.*

The state asserts that the trial court erred in dismissing the three counts of the accusation to which Ozment did not enter a guilty plea. We agree.

> In the district attorney's role as an administrator of justice, he or she has broad discretion in making decisions prior to trial about whom to prosecute, what charges to bring, and which sentence to seek. The state has both the duty and the right to protect the security of its citizens by prosecuting crime. Because the purpose of criminal law is to serve the public functions of deterrence, rehabilitation and retribution, it is the state, not the victim, that has an interest in criminal prosecutions.

*State v. Perry*, 261 Ga. App. 886, 887 (583 SE2d 909) (2003) (citations and punctuation omitted).

A trial court's power to control the proceedings before it includes the authority to dismiss criminal charges on its own in limited circumstances, such as when there is a defect on the face of an indictment or for want of prosecution. *State v. Fiorenzo*, 325 Ga. App. 666. 667 (1) (754 SE2d 634) (2014); *State v. Bachan*, 321 Ga. App. 712, 714 (742 SE2d 526) (2013). However, a trial judge's "power to control the proceeding of the court is subject to the proviso that in so doing a judge does not take away or abridge any right of a party under the law. [Cit.]" *Fiorenzo*, supra. A trial

3

court abridges such a right of a party and "abuses its discretion when it interferes with the [s]tate's right to prosecute by dismissing an accusation without a legal basis to do so. [Cit.]" *State v. Brooks*, 301 Ga. App. 355, 359 (687 SE2d 631) (2009). See also *Bachan*, supra (trial court interferes with state's right to prosecute when it dismisses criminal charge without a legal basis).

In this case, the trial court offered no legal basis for dismissing the counts of the accusation over the state's objection. Rather, the only reason articulated by the trial court was that it had "just negotiated it" as part of Ozment's guilty plea. This rationale not only provided no legal basis for the dismissals, but violated the legal prohibition against judicial participation in the plea negotiation process. See *McDaniel v. State*, 271 Ga. 552, 553 (2) (522 SE2d 648) (1999). "By dismissing the [three counts of the accusation] over the [s]tate's objection, the trial court deprived the [s]tate of its right to present its case against [Ozment], and thus abused its discretion. [Cit.]" *Perry*, supra at 888. Accordingly, "the trial court's dismissal of the accusation [counts] was in error and [we] remand the case back to the trial court for consideration under [those still pending counts of the] accusation." *Fiorenzo*, supra at 668 (2) (citation omitted).

2. *Sentence.*

4

The state claims that the trial court erred in failing to sentence Ozment to at least 72 hours of incarceration for his guilty plea to the DUI less safe count of the accusation because it was his second DUI offense within five years and that minimum term of incarceration is mandated by OCGA § 40-6-391 (c) (2) (B) for such a second offense.[1] However, the state did not raise this matter in the trial court, did not request that the court impose such a sentence, and presented no evidence at sentencing that this was Ozment's second DUI offense within five years.

On appeal, the state refers to two parts of the record to support its assertion that this was Ozment's second DUI offense within five years. First, at the sentencing hearing, Ozment's attorney responded to a probation officer that this was Ozment's "second" offense. However, no further details about the first offense were offered, there was no explanation as to the type or date of the prior offense, and no documentation of the prior offense was entered into evidence. Thus, this statement by counsel, while indicating some prior offense, fails to prove that the prior offense was a DUI mandating incarceration under OCGA § 40-6-391 (c) (2) (B).

---

[1] Although this code section previously required a minimum 72-hour term of incarceration for a second DUI offense within a five-year period, *Pierce v. State*, 278 Ga. App. 162, 165, n. 1 (628 SE2d 235) (2006), we note that the current version mandates such a minimum term of incarceration for a second DUI within a ten-year period.

5

The state also cites to a page of the record that appears to be a copy of Ozment's driver's license history indicating a prior DUI offense. But this document was not entered into evidence at the sentencing hearing, presumably because the state made no attempt to show that Ozment had a prior DUI offense for sentencing purposes, and certainly no foundation was laid authenticating the admissibility of the document. Without more, this page of the record does not rise to the level of competent evidence that undermines the presumption that the sentence imposed by the trial court was correct. See generally *State v. Crossen*, 328 Ga. App. 198, 202 (761 SE2d 596) (2014) (state presented absolutely no evidence about existence of certain statutory factors affecting sentence imposed).

"It is well-established that there is a presumption that a sentence was correctly imposed, and the burden of showing that a sentence was not correctly imposed is with the party who asserts its impropriety." *Staib v. State*, 309 Ga. App. 785, 795 (5) (a) (711 SE2d 362) (2011) (citation and punctuation omitted.) Under the circumstances of the instant case, the state has not met this burden and "has failed to overcome the presumption that the trial court properly imposed punishment upon the defendant." *State v. Freeman*, 198 Ga. App. 553, 557 (3) (402 SE2d 529) (1991).

6

*Judgment reversed in part and case remanded with direction. Ellington, P. J., and Dillard, J., concur.*