## 56391. THE STATE v. COLQUITT.

BIRDSONG, Judge.

The appellee Colquitt faced an accusation charging him with theft by taking. On the day of trial, the prosecution was present with its witnesses. However, appellee did not appear when the case was called. He was ordered arrested for non-appearance. Shortly thereafter and while the witnesses were still present, Colquitt appeared but in a drunken condition. The defense counsel spoke to the prosecuting witness and ascertained that she wanted only the return of her radio (valued at about $20), and, having fulfilled this wish, no longer desired to prosecute the defendant Colquitt. The prosecutor was so

informed. When the presiding judge was told of this development, he considered the case as having been passed and declined to reconsider the case that day. Colquitt was placed in jail overnight for non-appearance. On the following day, in accordance with local practice, Colquitt was brought back before a different judge and the state was represented by a different prosecutor. Local practice dictated that a defendant jailed for non-appearance must be brought before a judge within 24 hours for purpose of entering a guilty plea, thus disposing of the case, or for the entry of a not guilty plea in which event the prosecution normally was granted a continuance to reprepare its case for presentation. Apparently Colquitt appeared on the following day for purposes of entering a plea. However, before entering any plea, Colquitt's counsel moved that the case be dead docketed because the victim no longer desired to prosecute. The trial court, in a sharp exchange with the prosecuting attorney, ascertained that the victim had in fact expressed a desire not to prosecute and further that the state was not prepared to proceed on that day. The trial court therefore ordered the case to be placed on the dead docket. The parties below as well as the trial court have treated this action as a dismissal of the accusation. For purposes of this appeal only, we will accept this status of the case and treat the action of the trial court as a dismissal of the accusation. The announced reason for the dismissal was that the trial court was overburdened and did not have time to hear cases where there was a reluctant complaining witness, as well as the inability of the state to proceed in spite of its professed desire to do so, after a continuance. The state appeals the dismissal of the accusation. *Held:*

It appears that according to local practice, Colquitt was to appear for the sole purpose of entering his plea so that the case might proceed to ultimate disposition. Notwithstanding this purpose, Colquitt was not required to enter a plea either because the complaining witness was reluctant or because the state was not ready to proceed at that time. While we recognize the duty of the trial judge to control, in the furtherance of justice, the conduct of its officers and all other persons connected with

a judicial proceeding before it (Code Ann. § 24-104(4)), this power clearly may be abused. Thus, the power to control the proceeding of the court is subject to the proviso that in so doing a judge does not take away or abridge any right of a party under the law. *Loomis v. State,* 78 Ga. App. 153, 163 (51 SE2d 13). In this case, we believe the state was entitled to act upon the belief that in accordance with local practice Colquitt either would enter a plea of guilty or that the state would have additional time to prepare its case. We see nothing unfair to the appellee in this conclusion, for the state was present in court with its witnesses on the day preceding and was prevented from presenting its case only because of the unexcused absence of the defendant. Under such circumstances, we conclude that the trial court exceeded its authority (i.e., abused its discretion) in dismissing the accusation by placing it on the dead docket.

*Judgment reversed. Bell, C. J., and Shulman, J., concur.*

ARGUED SEPTEMBER 19, 1978 — DECIDED OCTOBER 18, 1978.

*Hinson McAuliffe, Solicitor, Richard E. Stark, Assistant Solicitor,* for appellant.
*John Campbell,* for appellee.