A89A1917. BURKS v. THE STATE.
(392 SE2d 300)

CARLEY, Chief Judge.

Appellant was brought to trial on an indictment which charged him with having committed the offense of manufacturing cocaine on June 5, 1988. This date was made a material allegation of the indictment. After the jury had been impaneled and sworn, the State realized that the June 5, 1988, date was incorrect and a motion for dismissal was made. Upon ascertaining that appellant had no objection, the trial court consented to the entry of a nol. pros. Subsequently, appellant was indicted for having committed the offense of manufacturing cocaine on July 5, 1988, and the date was again made a material allegation of the indictment. Appellant filed a plea of double jeopardy and he appeals from the trial court's denial of that plea.

Appellant relies only upon OCGA § 16-1-8. In order for a subsequent prosecution to be barred under either OCGA § 16-1-8 (a) or (b), the former prosecution must be shown either to have resulted in a conviction or acquittal or to have been improperly terminated. Appellant's prosecution under the original indictment was ended by the entry of a nol. pros. and not by a judgment of conviction. Although the nol. pros. was entered after the case had been submitted to the jury, this was not tantamount to an acquittal because appellant had consented thereto. See *Doyal v. State*, 70 Ga. 134 (3) (1883). Likewise, appellant's consent to the entry of the nol. pros. shows that the original prosecution was not improperly terminated. Compare *Franklin v. State*, 85 Ga. 570 (11 SE 876) (1890); *Jones v. State*, 55 Ga. 625 (1876). It follows that the trial court did not err in denying appellant's double jeopardy plea. Termination of a prosecution is not improper if "[t]he accused consents to the termination. . . ." OCGA § 16-1-8 (e) (1).

*Judgment affirmed. McMurray, P. J., and Beasley, J., concur.*

DECIDED MARCH 12, 1990.

*Thomas R. Eason, L. Clark Landrum*, for appellant.
*David E. Perry, District Attorney, A. Douglas Newsome, Assistant District Attorney*, for appellee.