### A91A1496. THE STATE v. ROCA.
(416 SE2d 836)

ANDREWS, Judge.
In its sole enumeration of error, the State claims that the trial court erred in dismissing its case based upon Roca's plea of double jeopardy.

On November 5, 1989, Roca was arrested and charged with one count of simple battery and an accusation was filed against him on January 22, 1990. The case was called for trial on June 4, 1990, but the State was unable to go forward due to the failure of a witness to appear; no jury was impaneled and the State made a motion for a nolle prosequi. The court denied the motion and entered an order dismissing the case for want of prosecution.

The accusation was refiled on June 8, 1990 and Roca filed a plea of double jeopardy. On August 8, 1990, the State made a motion for a nolle prosequi in the case which was entered and filed on August 10, 1990.

A third accusation was filed against Roca on August 16, 1990 and on October 19, 1990, Roca again filed a plea of former jeopardy. A hearing on this plea was held on April 5, 1991 and the trial court ordered the case dismissed. The order stated that defendant's motion to dismiss was granted, but did not specifically indicate whether such dismissal was with or without prejudice.

In this appeal, the State first contends that the trial court's dismissal on June 4, 1990 for "want of prosecution" was without prejudice, should not have operated to bar reaccusation, and that Roca's plea of double jeopardy based upon that dismissal was meritless. We agree. See State v. Cooperman, 147 Ga. App. 556, 558 (2) (249 SE2d 358) (1978); Burks v. State, 194 Ga. App. 809 (392 SE2d 300) (1990); OCGA § 16-1-8. Although a trial court is authorized to dismiss accusations and indictments, the June 4, 1990 dismissal was not a dismissal with prejudice and the State's refiling of the accusation was appropriate. State v. Grimes, 194 Ga. App. 736 (392 SE2d 727) (1990); Callahan v. State, 179 Ga. App. 556 (1) (347 SE2d 269) (1986).

The State next argues that to the extent the trial court's dismissal was based on OCGA § 17-7-53.1, it was erroneous. Again, we agree. The provisions of OCGA § 17-7-53.1 do not explicitly apply to accusations and we reject Roca's argument that OCGA § 17-7-53.1 must apply to all criminal actions and defendants. Similarly, we reject Roca's argument that the refusal to extend the terms of the statute creates an arbitrary class of defendants in violation of equal protection. Roca is not within the group of defendants who may claim the benefit of the statute. See generally Issacs v. State, 257 Ga. 798, 799 (364 SE2d 567) (1988).

The trial court was authorized to dismiss the accusation for want of prosecution, but such dismissal does not amount to a dismissal with prejudice, or an acquittal. Accordingly, the State could reaccuse the defendant within the applicable period of limitations. State v. Grimes, supra; compare State v. Fly, 193 Ga. App. 190 (2) (387 SE2d 347) (1989) (where issue had been joined, acquittal of defendant upheld).

Judgment reversed. Sognier, C. J., and McMurray, P. J., concur.

DECIDED MARCH 9, 1992.

*Gerald N. Blaney, Jr.*, Solicitor, *William F. Bryant*, Assistant *Solicitor*, for appellant.
*Russell T. Bryant*, for appellee.