## A02A1878. THE STATE v. ALDRIDGE.
(577 SE2d 863)

PHIPPS, Judge.

Roland Lanier Aldridge was charged by accusation with driving on a suspended license. When the case was called for a bench trial, defense counsel requested that disposition on the case be "withheld" so that Aldridge could "straighten[ ] out" the matter. The solicitor-general initially rejected that request, but after further remarks from the court, Aldridge, and defense counsel, the solicitor-general agreed to leave the decision of the final disposition to the court and the defendant. The court announced that it would dismiss the charge and entered a written order to that effect (without specifically indicating whether such dismissal was with or without prejudice).

1. The State contends that the court had no authority to dismiss the accusation in this case, but it cites no authority supporting its contention, and we find none. Rather, trial courts are authorized to

dismiss accusations.[1] Because a trial court may not impermissibly interfere with the State's right to prosecute, generally, such dismissals do not amount to "dismissals with prejudice" or acquittals.[2] So long as the dismissal in this case did not amount to a dismissal with prejudice, or an acquittal, there was no error.[3]

2. As the trial court's ruling did not address the merits of the State's charge, we do not consider the State's remaining contentions regarding the lack of sworn testimony concerning the charge.

*Judgment affirmed. Andrews, P. J., and Mikell, J., concur.*

DECIDED FEBRUARY 14, 2003.

*Wensley Hobby, Solicitor-General,* for appellant.
*Joel E. Williams, Jr.,* for appellee.

---

[1] *State v. Grimes,* 194 Ga. App. 736 (392 SE2d 727) (1990).

[2] See *State v. Luttrell,* 207 Ga. App. 116 (427 SE2d 95) (1993) ("The Civil Practice Act provides for dismissals with prejudice of *civil* cases, but the court knows of no statutory . . . authority which permits such dismissals in *criminal* cases.") (citations and punctuation omitted); *State v. Roca,* 203 Ga. App. 267, 268 (416 SE2d 836) (1992); *State v. Cooperman,* 147 Ga. App. 556 (249 SE2d 358) (1978); compare *State v. Blackwell,* 245 Ga. App. 135, 137-139 (2) (537 SE2d 457) (2000) (trial court had authority to dismiss charges where prosecution would violate defendant's constitutional rights).

[3] See *Roca,* supra at 268; *Grimes,* supra at 737.