### A03A1020. THE STATE v. PERRY.
(583 SE2d 909)

ELLINGTON, Judge.

This matter arose out of a fight on school grounds. The State filed an accusation in the State Court of Chatham County charging Ronald Perry with affray, OCGA § 16-11-32; disrupting a public school, OCGA § 20-2-1181; and criminal trespass, OCGA § 16-7-21.

At his arraignment on May 22, 2002, Perry received a copy of the accusation and a list of witnesses and requested a bench trial. Before Perry entered a plea, his counsel informed the court that the school system wanted the charges dismissed and presented a letter from an assistant principal at the school where the fight took place. According to Perry's counsel, the school system reasoned that since Perry had no prior criminal record, intended to enter the military, and had participated in a five-hour hearing before the school board dealing with the matter, he should not be punished further. Over the State's objections, the trial court sua sponte dismissed the charges, stating, "I'm going to dismiss it. I think it's gone far enough."

The State contends that the trial court abused its discretion in dismissing the accusation. According to the State, the reluctance of

the school system and the other party to the fight to pursue the charges was not an appropriate grounds for dismissal. For the reasons stated below, we agree and reverse.

"In the district attorney's role as an administrator of justice, he or she has broad discretion in making decisions prior to trial about [whom] to prosecute, what charges to bring, and which sentence to seek." (Footnotes omitted.) *State v. Wooten*, 273 Ga. 529, 531 (2) (543 SE2d 721) (2001).[1] "The state has both the duty and the right to protect the security of its citizens by prosecuting crime. Georgia Constitution of 1983, Art. I, Sec. I, Par. II; OCGA § 17-1-2. Because the purpose of criminal law is to serve the public functions of deterrence, rehabilitation and retribution, it is the state, not the victim, that has an interest in criminal prosecutions." (Citation omitted.) *Ambles v. State*, 259 Ga. 406, 407 (1) (383 SE2d 555) (1989).[2]

Given the State's interest in criminal prosecution, the State argues that dismissal of the accusation was improper under *State v. Colquitt*, 147 Ga. App. 627 (249 SE2d 680) (1978). In *State v. Colquitt*, the parties appeared for the sole purpose of hearing the defendant's plea. Id. at 628. Upon being informed that the alleged victim did not want to press charges, however, the trial court ordered the case dead docketed. Id. The trial court said that it was overburdened and did not have time to hear a case involving a reluctant complaining witness, especially when the State was not ready to proceed immediately. Id. This Court held that the trial court had abused its discretion in placing the case on the dead docket because "the power to control the proceeding of the court is subject to the proviso that in so doing a judge does not take away or abridge any right of a party under the law." (Citation omitted.) Id. at 629.

In this case, we find the trial court abridged the State's right to prosecute an accused. The record reveals no legal basis for the dismissal.[3] The only reason for the arraignment was for Perry to be

---

[1] See also *Grimsley v. State*, 233 Ga. App. 781, 782 (505 SE2d 522) (1998) ("[T]he decision of whether to prosecute and what charges to file are decisions that rest in the prosecutor's discretion.") (citation omitted); *Shire v. State*, 225 Ga. App. 306, 308 (1) (483 SE2d 694) (1997) ("From the beginning of our criminal justice system prosecutors have exercised the power of prosecutorial discretion in deciding which defendants to prosecute.") (citations and punctuation omitted).

[2] See also *Bartlett v. Caldwell*, 265 Ga. 52 (452 SE2d 744) (1995) (a private citizen does not have a judicially cognizable interest in the prosecution or nonprosecution of another).

[3] Although the record was sparse, the primary reason for dismissal seemed to be the trial judge's personal opinion that the case should not be prosecuted. During the hearing, the court made several statements such as, "Sometimes you've got to exercise a little common sense," "Everybody doesn't need to be prosecuted," and "You don't think this case has gone far enough [after] [e]ight hours of hearings?" To the extent these statements reflect a concern that Perry had already been punished in an administrative tribunal, we note that administrative sanctions constitute punishment for double jeopardy purposes only if they are punitive rather than remedial. *Simile v. State*, 259 Ga. App. 106 (576 SE2d 83) (2003).

advised of the charges against him, enter a plea, and have his case set for trial should he plead not guilty. The arraignment was neither a motion hearing nor a trial, and the State was not required to put on witnesses or produce evidence. By dismissing the case over the State's objection, the trial court deprived the State of its right to present its case against Perry, and thus abused its discretion. *State v. Colquitt*, 147 Ga. App. at 629.

*Judgment reversed. Blackburn, P. J., and Phipps, J., concur.*

DECIDED JUNE 24, 2003.

*Spencer Lawton, Jr., Solicitor-General, Ian R. Heap, Jr., Assistant Solicitor-General*, for appellant.
*Charles W. Bell*, for appellee.

---

There is no indication in the record as to what, if any, sanctions were imposed on Perry in the school board hearing. Therefore, the trial court was not authorized on this record to find the prosecution was barred on the basis of double jeopardy.