## A09A0937. THE STATE v. BROOKS.
(687 SE2d 631)

MILLER, Chief Judge.

By order dated December 11, 2008, the trial court dismissed the State's accusation against Tameka Brooks charging her with disorderly conduct (OCGA § 16-11-39) and simple battery (OCGA § 16-5-23). The State now appeals, arguing that the trial court's order impermissibly interfered with the State's right to prosecute criminal cases. We agree and reverse.

---

YALE LAW LIBRARY

"When . . . question[s] of law [are] at issue, as here, we owe no deference to the trial court's ruling[s] and apply the 'plain legal error' standard of review. [Cit.]" *Suarez v. Halbert*, 246 Ga. App. 822, 824 (1) (543 SE2d 733) (2000).

The record shows that Brooks was arrested on February 14, 2008 after she allegedly became involved in a fight with a student on the grounds of McNair High School. On April 25, 2008, the State filed its accusation against Brooks. Brooks entered a plea of not guilty, and the case was set for a calendar call on June 13, 2008. Prior thereto, the State provided its sentencing recommendation, which included six hours imprisonment, with credit for time served, no contact with the student involved in the fight, and anger management classes. The State also represented that it "[w]ould consider [a] hold for 6 months under the same terms" but "[w]ould not agree to expungement." At the calendar call, the case was set for trial on June 24, 2008 and later reset for June 30, 2008.

When the parties appeared on June 30, 2008, the trial court inquired what the charges against Brooks were, and Brooks' counsel advised the trial court that a police officer had reviewed a videotape of the incident and said it was inconclusive as to what happened. When the trial court began to review the State's sentencing recommendation, Brooks' counsel stated that the "sticking point" was whether Brooks would be eligible for expungement. The prosecutor stated that the State would not agree to expungement.

The prosecutor went on to advise the trial court that the student who was involved in the fight with Brooks had received a citation in recorder's court, but the citation was later "thrown out." Brooks' counsel then informed the trial court that the videotape of the incident had not been preserved and was no longer available. Upon questioning by the trial court, the officer who had viewed the videotape explained that the trial court in the student's case "threw [the videotape] out as inadmissible[, s]o, I didn't really see no sense of keeping the recording around." The officer further stated that the videotape was a digital recording that moved from frame to frame, and, in one frame, he saw the student and Brooks standing apart, and, in the next one, they were fighting. Accordingly, he could not tell from the videotape who started the fight. According to the officer, the videotape did not record what the student and Brooks said to one another.

The trial court then interviewed the student involved in the fight, Brooks, and two defense witnesses in order to get a better understanding of the incident. Thereafter, the trial court announced that it was going to place the case on judicial hold for six months and order Brooks to complete anger management classes. The trial court

explained that

> what concerns me is that there is some dispute about that
> videotape. I've had some conflicting . . . remarks about its
> appearance and disappearance. And it bothers me that the
> State would present an officer to testify who told me . . .
> that it doesn't exist. And before I conduct a major investi-
> gation about that evidence, including having the district
> attorney involved in this, with grand juries and subpoena-
> ing and all that, I'm going to put it on a judicial hold. I think
> it's going to be the best for everybody.

The prosecutor claimed that the videotape did not exist because the
system in place at the school "automatically records over itself." The
trial court responded that the officer was "obstructing justice by not
having that tape," and remarked that "[i]t could be exculpatory
evidence." When the prosecutor again attempted to explain how the
videotape might have been erased, the trial court remarked, "[W]ho
cares, the point is, it's not here." The prosecutor also remarked that
the videotape did not show who started the fight, to which the trial
court responded: "I'm not even going to speculate what . . . is on that
tape. . . . It could be the moon eclipsing the sun. I don't care. I just
don't have it and it could be exculpatory." The prosecutor objected to
the judicial hold, and the trial court advised her, "You're lucky I'm
not dismissing it," and indicated that the case would be dismissed if
Brooks complied with the terms of the judicial hold. The trial court
admonished the officer who had viewed the videotape that the school
system needed to preserve evidence relevant to criminal charges. In
response to a question by the prosecutor, the officer stated that he
did not erase the videotape, and the trial court stated:

> No, and I'm not suggesting that you did. I'm just saying —
> and this is the school boards' — or the school system's way of,
> I guess, maybe saving money. I don't know. But all I'm asking
> is in a situation in which there is any kind of . . . criminal
> activity involved in which the DeKalb County police . . .
> officers have to make an arrest or issue citations, we need to
> have a system where you guys preserve that evidence.

The trial court subsequently entered a judicial hold order which
required Brooks, among other things, to complete anger manage-
ment classes and appear for a hearing on December 11, 2008. At the
hearing on December 11, 2008, the trial court, over the State's
objections, stated that it would dismiss the accusation against
Brooks on the basis that she had completed the terms of the judicial

YALE LAW LIBRARY

hold. The trial court subsequently issued an order to that effect.

The trial court's order dismissing the accusation against Brooks did not specify whether the dismissal was with or without prejudice. In either event, we conclude that the trial court's order must be reversed.

Brooks argues that the trial court was authorized to dismiss the accusation with prejudice because the State violated her due process rights by failing to preserve the videotape of the incident. We disagree.

"The State's duty to preserve evidence which may be exculpatory arises from the due process clause of the U. S. Constitution." (Citation omitted.) *Fincher v. State*, 276 Ga. 480, 483 (5) (578 SE2d 102) (2003). The State's bad faith failure to preserve material evidence constitutes a denial of due process (*State v. Brawner*, 297 Ga. App. 817, 818 (678 SE2d 503) (2009)), and the resulting penalties may include barring further prosecution. *California v. Trombetta*, 467 U. S. 479, 487 (104 SC 2528, 81 LE2d 413) (1984). To determine whether a constitutional violation has been established which could warrant dismissal with prejudice,

> a court must determine both whether the evidence was material and whether the police acted in bad faith. . . . To meet the standard of constitutional materiality, the evidence must possess an exculpatory value that was apparent before it was destroyed, and be of such a nature that the defendant would be unable to obtain comparable evidence by other reasonably available means.

(Citations omitted.) *Walker v. State*, 264 Ga. 676, 680 (3) (449 SE2d 845) (1994).

Here, Brooks never filed a motion to dismiss the accusation based on an alleged due process violation, and when she appeared for trial on June 30, 2008, her counsel did not move for or request imposition of penalties on the State based on the destruction of the videotape. Further, the record shows that, although it voiced concerns over the videotape's unavailability, the trial court made no findings as to whether the videotape of the fight was material or the police acted in bad faith. In response to the prosecutor's comment that the videotape did not show who started the fight, the trial court, far from concluding that the videotape was material, stated that it did not care what the contents of the videotape were because "it could be exculpatory." The trial court also expressly denied that it was finding that the officer in attendance at the hearing had destroyed the videotape and indicated that it did not know why the videotape was destroyed or erased. The trial court's dismissal order

states that the charges against Brooks were dismissed based on her compliance with the judicial hold order and did not mention an alleged due process violation. Under the circumstances, we cannot conclude that the trial court intended to dismiss the accusation against Brooks with prejudice based on a violation of her due process rights or that it had the authority to do so. See *Brawner*, supra, 297 Ga. App. at 821 (reversing trial court's dismissal of indictment with prejudice based on state's failure to preserve surveillance videotape when record did not support trial court's findings that videotape was material or that police acted in bad faith); *State v. Aldridge*, 259 Ga. App. 673, 674 & n. 2 (577 SE2d 863) (2003) (trial court generally lacks authority to dismiss accusations with prejudice but exception applies when prosecution would violate defendant's constitutional rights).

To the extent the trial court was attempting to dismiss the accusation without prejudice, we conclude that the trial court abused its discretion.

> While we recognize the duty of the trial judge to control, in the furtherance of justice, the conduct of its officers and all other persons connected with a judicial proceeding before it, this power clearly may be abused. Thus, the power to control the proceeding of the court is subject to the proviso that in so doing a judge does not take away or abridge any right of a party under the law.

(Citations omitted.) *State v. Colquitt*, 147 Ga. App. 627, 628-629 (249 SE2d 680) (1978). We have held that the trial court's power to control proceedings entails the discretion to dismiss criminal charges without prejudice for want of prosecution. *State v. Grimes*, 194 Ga. App. 736, 736-737 (392 SE2d 727) (1990) (trial court was authorized to dismiss misdemeanor criminal trespass charge without prejudice after the State received a continuance but was not ready on the rescheduled trial date). In *Aldridge*, supra, we held that the trial court had authority to dismiss an accusation without prejudice when the prosecutor had agreed to leave the decision as to the final disposition of the charges against the defendant to the trial court and the defendant. 259 Ga. App. at 673-674 (1). A trial court, however, abuses its discretion when it interferes with the State's right to prosecute by dismissing an accusation without a legal basis to do so. *State v. Perry*, 261 Ga. App. 886, 887-888 (583 SE2d 909) (2003) (trial court abused discretion in dismissing, sua sponte, charges against defendant arising out of fight on school grounds; school system's request that charges be dropped did not provide legal basis for

YALE LAW LIBRARY

dismissal).

The record here shows no want of prosecution. Unlike in *Aldridge*, the State did not agree to leave the disposition of the charges against Brooks to the trial court's discretion. While its sentencing recommendation stated that it would consider a judicial hold, the State did not represent that it would consent to a judicial hold, and, in fact, the State objected to the judicial hold order entered by the trial court. The only apparent basis for the trial court's decision to enter a judicial hold followed by a dismissal was its opinion that forestalling further inquiry into the videotape's unavailability would be "best for everybody." We have located no authority for the proposition that a trial court, having stopped short of deciding whether destruction of evidence amounted to a due process violation, is nonetheless authorized to dismiss criminal charges without prejudice due to the unavailability of evidence. Accordingly, we find that the trial court "abridged the State's right to prosecute an accused," and its dismissal order constituted an abuse of discretion. *Perry*, supra, 261 Ga. App. at 887-888.

For the reasons set forth above, we reverse the trial court's order dismissing the accusation against Brooks.

*Judgment reversed. Andrews, P. J., concurs. Barnes, J., concurs fully and specially.*

BARNES, Judge, concurring specially.

Although I concur fully in the majority opinion, I write specially only to emphasize the fact that in a proper case, dismissal of the charge would have been appropriate.

In dealing with the failure of the state to preserve evidence which might have exonerated the defendant, a court must determine both whether the evidence was material and whether the police acted in bad faith in failing to preserve the evidence. To meet the standard of constitutional materiality, the evidence must possess an exculpatory value that was apparent before it was destroyed, and be of such a nature that the defendant would be unable to obtain comparable evidence by other reasonably available means. Unless a criminal defendant can show bad faith on the part of the police, failure to preserve potentially useful evidence does not constitute a denial of due process of law.

(Citation and punctuation omitted.) *Milton v. State*, 232 Ga. App. 672, 678-679 (6) (503 SE2d 566) (1998). In this case, as the majority correctly points out, the trial court did not make the required findings and the evidence did not warrant such findings.

Accordingly, I concur in the majority opinion fully and specially.

DECIDED DECEMBER 1, 2009.

*Robert D. James, Jr., Solicitor-General, Sophia E. Haynes, Assistant Solicitor-General*, for appellant.
*Frank J. Costa, LeeAnne Anthony*, for appellee.

