**SECOND DIVISION**
**MILLER, P. J.,**
**BRANCH AND MERCIER, JJ.**

NOTICE: Motions for reconsideration must be *physically received* in our clerk's office within ten days of the date of decision to be deemed timely filed.
http://www.gaappeals.us/rules

**February 12, 2016**

# In the Court of Appeals of Georgia

A15A1667. THE STATE v. MILLER.
A15A1668. THE STATE v. EVANS.
A15A1748. THE STATE v. BROUGHTON.

BRANCH, Judge.

On March 13, 2015, Michael Miller, Eric Evans and Nathaniel Broughton appeared for hearings as to whether their probations should be revoked in light of their involvement in new crimes. When the State failed to produce victims or witnesses of each of the new crimes, the trial court dismissed all three of the new indictments "for want of prosecution." The State has appealed all three dismissals on the ground that the trial court interfered with the State's right to prosecute when it dismissed the new indictments during the probation revocation hearings. We agree and reverse.

The records show that Miller was indicted for burglary and tools possession on September 12, 2014; that Evans was indicted for aggravated assault, robbery, battery and child cruelty on October 21, 2014; and that Broughton was indicted for aggravated assault and firearms charges on December 5, 2014. On February 24, 2015, all three of these criminal matters were called as part of a probation revocation calendar set and noticed for that day. When each probation revocation matter was called, the trial court dismissed each of the new indictments "for want of prosecution," noting that the State could not get the "witnesses to court" in Miller's case and the "victim[s] to court" in Evans's and Broughton's cases. None of the trial court's three orders dismissing the indictments noted whether the dismissals were with or without prejudice, and no transcript of proceedings was taken. These appeals followed.

On appeal, the State argues that the trial court erred when it dismissed the three cases-in-chief because the dismissals lacked a legal basis and thus interfered with the State's right to prosecute criminal cases.[1] We agree.

---

[1] None of the three appellees has filed a brief opposing the arguments raised in the State's initial brief.

2

A trial court is authorized to dismiss accusations and indictments. See OCGA § 5-7-1 (a) (1) (authorizing an appeal "[f]rom an order, decision, or judgment setting aside or dismissing any indictment, accusation, or a petition alleging that a child has committed a delinquent act, or any count thereof"). Specifically, a trial court's power to control the proceedings before it "entails the discretion to dismiss criminal charges without prejudice for want of prosection." *State v. Brooks*, 301 Ga. App. 355, 359 (687 SE2d 631) (2009) (citation omitted). But a trial court "abuses its discretion when it interferes with the State's right to prosecute by dismissing an accusation without a legal basis to do so." *Brooks*, 301 Ga. App. at 359.

A trial court generally lacks the authority to dismiss accusations *with* prejudice, except when a prosecutor would violate a defendant's rights by continuing a prosecution. *Brooks*, 301 Ga. App. at 359; *State v. Luttrell*, 207 Ga. App. 116 (427 SE2d 95) (1993) (reversing dismissal of accusation with prejudice due to want of prosecution, noting the lack of any "statutory or case authority which permits such dismissals in *criminal* cases") (citations omitted; emphasis in original); see also *State v. Blackwell*, 245 Ga. App. 135, 137 (537 SE2d 457) (2000) (affirming dismissal of drug possession charges when the State had violated defendant's due process rights and acted in bad faith by destroying a potentially exculpatory urine sample before

3

defendant had been given an opportunity to conduct an independent test of it). There is no evidence in the record that would support a finding that the defendants suffered a violation of any of their rights, including due process.

A trial court has the discretion, however, to dismiss criminal cases *without* prejudice as long as the record provides a legal basis for the dismissal, such as a want of prosecution. *Brooks*, 301 Ga. App. at 360. In *Brooks,* we reversed a dismissal of disorderly conduct charges arising from a school fight as an abuse of discretion when "[t]he record showed no want of prosecution." Id.[2] Likewise, in *State v. Perry*, 261 Ga. App. 886 (583 SE2d 909) (2003), another school fight case, we held that a trial court abused its discretion in dismissing criminal charges, even when the school system asked that they be dropped, because such a request did not provide a sufficient legal basis for dismissal. Id. at 887-888. In this case, the State never agreed to leave the disposition of these charges to the trial court's discretion. We also note the lack of any authority for the proposition that a trial court, where there is no due process violation, is authorized to dismiss criminal charges without prejudice due to the

_____

[2] By contrast, the prosecutor in *State v. Aldridge*, 259 Ga. App. 673, 673 (577 SE2d 863) (2003) "agreed to leave the decision as to the final disposition" of the charges, including driving on a suspended license, to that trial court, which dismissed them without prejudice.

unavailability of evidence. *Brooks*, 301 Ga. App. at 360. In short, there was no legal basis for the trial court to dismiss the indictments without prejudice.

As a final point, this trial court dismissed the three indictments at issue during the probation revocation proceedings triggered by them. But "'[a] criminal prosecution and a probation revocation proceeding based on the same occurrence actually have nothing to do with each other.'" *Teague v. State*, 169 Ga. App. 285, 286 (1) (312 SE2d 818) (1983), quoting *Aldridge v. State*, 155 Ga. App. 916, 917 (273 SE2d 656) (1980); see also *Brown v. State*, 294 Ga. App. 1, 2 (1) (668 SE2d 490) (2008). At a probation revocation proceeding, "the defendant is not in the position of one accused by indictment, even though the probationary condition alleged to have been violated is the commission of a crime against the State." *Johnson v. State*, 214 Ga. 818, 819 (108 SE2d 313) (1959) (citations omitted). Such a proceeding "'is not a trial on a criminal charge, but is a hearing to [judicially determine] whether the conduct of the defendant during the probation period has conformed to the course outlined in the order of probation." Id., quoting *Sparks v. State*, 77 Ga. App. 22, 23 (47 SE2d 678) (1948). Even if this trial court would have been justified in denying the State's petitions for probation revocation on the ground that it had failed to

5

produce any witnesses in support of the petitions, there is no legal basis for the dismissal of the indictments at issue in this appeal.

For these reasons, we reverse the trial court's dismissal of these indictments as an unwarranted interference in the State's right to prosecute criminal cases and an abuse of the trial court's discretion.

*Judgments reversed. Mercier, J., concurs. Miller, P. J., concurs in judgment only.*