**THIRD DIVISION
GOBEIL,
COOMER and HODGES, JJ.**

**NOTICE: Motions for reconsideration must be *physically received* in our clerk's office within ten days of the date of decision to be deemed timely filed.
http://www.gaappeals.us/rules**

**February 28, 2019**

# In the Court of Appeals of Georgia

A18A1727. THE STATE v. BANKS.

A18A1728. THE STATE v. CAMACHO.

A18A1729. THE STATE v. BAUTISTA-RAMIREZ.

A18A1730. THE STATE v. BECKMAN.

A18A1731. THE STATE v. BELL.

A18A1732. THE STATE v. BOCINSKY.

A18A1733. THE STATE v. CHASTAIN.

A18A1734. THE STATE v. DORN.

A18A1735. THE STATE v. DORN.

A18A1736. THE STATE v. DORN.

A18A1737. THE STATE v. ESCHMAN.

A18A1738. THE STATE v. FOSTER.

A18A1739. THE STATE v. FOSTER.

A18A1740. THE STATE v. FREEMAN.

A18A1742. THE STATE v. GILLINGS.

A18A1743. THE STATE v. GRANADOS.

A18A1744. THE STATE v. GUITRON-LEPE.

A18A1745. THE STATE v. HIGHSMITH.

A18A1746. THE STATE v. HUBBS.

A18A1747. THE STATE v. KIM.

A18A1748. THE STATE v. LEE-PACK.

A18A1749. THE STATE v. MAILHOIT.

A18A1750. THE STATE v. NELSON.

A18A1751. THE STATE v. SPRADLEY.

A18A1752. THE STATE v. THOMAS.

A18A1753. THE STATE v. TORRES.

GOBEIL, Judge.

In these consolidated appeals, the State challenges the trial court's dismissal of 26 misdemeanor accusations for want of prosecution in the wake of the State's failure to provide each defendant with a list of witnesses against him or her, in violation of the Criminal Procedure Discovery Act (OCGA § 17-16-21). On appeal, the State argues that the court erred when it dismissed the accusations because dismissal is not an authorized sanction for the State's failure to produce lists of witnesses in misdemeanor cases. Where the trial court's dismissals were without prejudice, we affirm. Where the trial court's dismissals amounted to dismissals with

2

prejudice, we vacate and remand. For the reasons that follow, we affirm in Case Nos. A18A1727, A181728, A18A1729, A18A1730, A18A1731, A18A1733, A18A1734, A18A1737, A18A1738, A18A1739, A18A1743, A18A1744, A18A1745, A18A1747, A18A1748, and A18A1751; and, we vacate the trial court's orders of dismissal and remand for further proceedings in Case Nos. A18A1732, A18A1735, A18A1736, A18A1740, A18A1742, A18A1746, A18A1749, A18A1750, A18A1752, and A18A1753. Our reasoning and holdings in each case are more fully explained below.

A trial court's dismissal of an accusation with prejudice raises a question of law, and where questions of law are at issue, "we owe no deference to the trial court's rulings and apply the 'plain legal error' standard of review." *State v. Brooks*, 301 Ga. App. 355, 356 (687 SE2d 631) (2009) (citation and punctuation omitted). The dismissal of an accusation without prejudice is reviewed for an abuse of discretion. Id. at 359.

Briefly, the records show that the charges in each case were as follows: Reginald A. Banks was arrested on September 23, 2016, and charged with driving without a tag light, driving under the influence of alcohol to the extent it was less safe to do so (DUI less safe), reckless driving, and driving with a suspended/revoked license (A18A1727). Monica Camacho was arrested on March 30, 2016, and charged

3

with DUI less safe, violation of conditions of a limited driving permit, reckless driving, and failure to maintain lane (A18A1728). Jorge Alfredo Bautista-Ramirez was arrested on April 16, 2016, and charged with failure to maintain lane, driving without a valid license, DUI less safe, and reckless driving (A18A1729). Glenda C. Beckman was arrested on April 19, 2016, and charged with DUI less safe, following too closely, and possession of an open container of alcohol (A18A1730). Cameron Jonathan Bell was arrested on September 25, 2016, and charged with four counts of endangering a child by driving under the influence of alcohol, obstruction of a law enforcement officer, two counts of failure to use a youth restraint properly, DUI less safe, failure to maintain lane, operating a vehicle on a learner's permit, and speeding (A18A1731). Jennifer Chastain was arrested on December 16, 2015, and charged with driving under the influence of drugs, failure to maintain lane, and endangering a child by driving under the influence of drugs (A18A1733). John Dorn was arrested on October 27, 2015, and charged with defective/no tail lights and driving without a valid license (A18A1735 and A18A1736). Dorn was arrested again on December 24, 2015, and charged with unregistered vehicle/operation of a vehicle without a valid license plate and revalidation decal, and driving with a suspended/revoked license (A18A1734). Nekisha Leann Eschman was arrested on April 17, 2016, and charged

4

with DUI less safe, speeding, and reckless driving (A18A1737). Roshanda Foster was arrested on January 5, 2016, and charged with DUI less safe and DUI per se (A18A1738). Foster was arrested again on February 5, 2016, and charged with DUI less safe (A18A1739). Fabian Reyes Granados was arrested on May 24, 2016, and charged with DUI less safe and driving without a valid license (A18A1743). Lorenzo Guitron-Lepe was arrested on July 1, 2016 and charged with DUI less safe and failure to maintain lane (A18A1744). Joyce T. Highsmith was arrested on March 25, 2016, and charged with DUI less safe and failure to properly activate her vehicle's headlights (A18A1745). Helen H. Kim was arrested on April 30, 2016 and charged with DUI less safe and failure to maintain lane (A18A1747). Matthew Francis Lee-Pack was arrested on January 3, 2016, and charged with DUI less safe, reckless driving, following too closely, and hit and run (A18A1748). Michael Morris Spradley was arrested on July 8, 2016, and charged with making an improper u-turn, DUI less safe, and reckless driving (A18A1751).

Brenna C. Bocinsky was arrested on September 5, 2015, and charged with DUI less safe (A18A1732). Whitney S. Freeman was arrested on June 4, 2015, and charged with failure to maintain lane and DUI less safe (A18A1740). Christopher Gillings was arrested on August 16, 2015, and charged with DUI less safe and DUI

per se (A18A1742). Alexander O'Neal Hubbs was arrested on October 29, 2015, and charged with DUI per se, DUI less safe, reckless driving, and following too closely (A18A1746). Michael Charles Mailhoit was arrested on May 16, 2015, and charged with DUI less safe, failure to maintain lane, and seat belt violation (adult) (A18A1749). Jeffrey Nelson was arrested on September 2, 2015, and charged with DUI less safe, failure to yield the right of way, and failure to maintain lane (A18A1750). Lauren Caroline Thomas was arrested on May 9, 2015, and charged with DUI less safe and failure to properly activate her vehicle's headlights (A18A1752). Valentin Torres was arrested on August 14, 2015, and charged with DUI less safe, open container violation, driving with a suspended license, and failure to maintain lane (A18A1753).

In filings made between April 25, 2017, and October 26, 2017, each of the defendants either notified the State of their election to proceed under the provisions of the Criminal Procedure Discovery Act or specifically requested a list of the witnesses the State planned to call at trial pursuant to OCGA § 17-16-21. The trial court called its calendar on December 11, 2017, and it is undisputed that the State, through the solicitor general of Fulton County, had failed to respond to the

6

defendants' discovery requests prior to the calendar call. Accordingly, each defendant moved to dismiss the accusation against him or her for want of prosecution.

The trial court conducted hearings on these motions, and the State conceded at each hearing that it had failed to provide the defendants with a list of witnesses before the call of the calendar,[1] but argued that the proper remedy was continuance rather than dismissal. The trial court orally denied the State's motions for continuance, granted the defendants' motions to dismiss, and entered uniform orders finding that each defendant "had not received discovery in response to his/her witness request," that the State "had failed to provide a witness list in advance of trial" as required by OCGA § 17-16-21, and that because the State was "unable to demonstrate diligence in meeting the statutory duty to provide discovery," no continuances were warranted. The court then dismissed the cases "for want of prosecution" on December 11, 2017. The trial court's orders did not specify whether the dismissals were with or without prejudice.

On appeal, the State argues that the trial court erred when it dismissed the accusations because dismissal is not an appropriate sanction for the State's failure to

---

[1] In some of the cases, the State provided a witness list at or just prior to the hearings on the motions to dismiss, but these witness lists had not been filed with the clerk of court at the time the trial court dismissed the accusations.

7

produce a list of witnesses before trial. For the reasons set forth below, we hold that the trial court's dismissals which amounted to dismissals without prejudice were authorized and affirm, but we vacate and remand in those cases where the dismissals were with prejudice.

Article 2 of the Criminal Discovery Procedure Act, OCGA §§ 17-16-21 through 17-16-23, governs discovery in misdemeanor cases. OCGA § 17-16-21, provides that

> [p]rior to arraignment, every person charged with a criminal offense shall be furnished with a copy of the indictment or accusation and, *on demand, with a list of the witnesses* on whose testimony the charge against such person is founded. *Without the consent of the defendant, no witness shall be permitted to testify for the state whose name does not appear on the list of witnesses* as furnished to the defendant unless the prosecuting attorney shall state that the evidence sought to be presented is newly discovered evidence which the state was not aware of at the time of its furnishing the defendant with a list of the witnesses.[2]

(Emphasis supplied.). "The legislature intended for both sides to comply with the law, and the statute contemplates a reasonable effort by both sides to meet their statutory

---

[2] OCGA §§ 17-16-22 (c) and 17-16-23 (c) authorize the exclusion of defendants' statements or scientific reports not provided on demand.

8

obligations." *State v. Dickerson*, 273 Ga. 408, 411 (1) (542 SE2d 487) (2001) (citation and punctuation omitted).

"It is well settled that a trial court is vested with considerable discretion in its conduct of court proceedings." *Ezebuiro v. State*, 308 Ga. App. 282, 284 (1) (707 SE2d 182) (2011) (citation and punctuation omitted); *State v. Brooks*, 301 Ga. App. at 359; *State v. Colquitt*, 147 Ga. App. 627, 628-629 (249 SE2d 680) (1978). While trial courts are authorized to dismiss accusations,[3] this authority is not unlimited, and a trial court "abuses its discretion when it interferes with the State's right to prosecute by dismissing an accusation without a legal basis to do so." *Brooks*, 301 Ga. App. at 359 (citations omitted). This Court has held that a trial court is without authority to dismiss criminal charges for want of prosecution if such dismissal amounts to a dismissal *with prejudice*. See *State v. Luttrell*, 207 Ga. App. 116, 116 (427 SE2d 95) (1993).

The trial court's orders did not specify whether the dismissals were with or without prejudice. Therefore, in order to determine whether the dismissals in the cases at hand amounted to impermissible dismissals with prejudice, the relevant

---

[3] See OCGA 5-7-1 (a) (1) (providing that the State may appeal from an order, decision, or judgment setting aside or dismissing an indictment or accusation).

question is whether, at the time of the dismissal, the State could have re-accused the defendants prior to the expiration of the period of limitation. See *State v. Grimes*, 194 Ga. App. 736, 736-737 (392 SE2d 727) (1990) (affirming dismissal of accusation where "the State may file another accusation against appellee prior to the expiration of the period of limitation and prosecute him on that accusation"). Under OCGA § 17-3-1 (e), misdemeanor prosecutions "shall be commenced within two years after the commission of the crime." In each case now on appeal, it is undisputed that the State commenced prosecution of the defendants prior to the applicable two-year statute of limitation.

In those cases in which the defendant was accused of committing the charged offenses between December 16, 2015 and September 23, 2016, the trial court's dismissal was without prejudice because the statute of limitations had not expired on the date of the dismissals, and the State could have re-accused those defendants. We therefore affirm the trial court's dismissals in those cases. See *State v. Roca*, 203 Ga. App. 267, 268 (416 SE2d 836) (1992) (dismissal for want of prosecution in criminal case did not amount to a dismissal with prejudice or an acquittal where "State could reaccuse the defendant within the applicable period of limitations").

10

In those cases in which the defendants were accused of committing offenses between May 9, 2015 and October 27, 2015, the trial court's order operated as a dismissal with prejudice, because it effectively barred the State from prosecuting those defendants. The trial court therefore exceeded its authority, and we are constrained to vacate the orders of dismissal in those cases. *Luttrell*, 207 Ga. App. at 116. Although we recognize the difficult position in which the trial court was placed due to the State's failure to comply with its discovery obligations, we are bound by this Court's precedent which precludes the dismissal with prejudice of a criminal case for want of prosecution. Accordingly, these dismissals cannot be upheld.

*Judgments affirmed in Case Nos. A18A1727, A181728, A18A1729, A18A1730, A18A1731, A18A1733, A18A1734, A18A1737, A18A1738, A18A1739, A18A1743, A18A1744, A18A1745, A18A1747, A18A1748, and A18A1751.*

*Judgments vacated and cases remanded in Case Nos. A18A1732, A18A1735, A18A1736, A18A1740, A18A1742, A18A1746, A18A1749, A18A1750, A18A1752, and A18A1753.*

*Coomer and Hodges, JJ., concur.*