**WHOLE COURT**

**NOTICE: Motions for reconsideration must be** *physically received* **in our clerk's office within ten days of the date of decision to be deemed timely filed.** **https://www.gaappeals.us/rules**

*DEADLINES ARE NO LONGER TOLLED IN THIS COURT. ALL FILINGS MUST BE SUBMITTED WITHIN THE TIMES SET BY OUR COURT RULES.*

**July 2, 2020**

# In the Court of Appeals of Georgia

A20A0544. THE STATE v. WALKER.

HODGES, Judge.

After the State's witness failed to appear at a bench trial, the trial court dismissed this misdemeanor prosecution of Sara Walker. The dismissal order did not specify whether the dismissal was with or without prejudice. The State filed the instant appeal, arguing that the dismissal order amounted to an impermissible dismissal with prejudice because the statute of limitation had expired, thus barring the State from filing another accusation. Because the trial court's dismissal functioned as an impermissible dismissal with prejudice, we vacate the judgment below and remand the case.

Walker was arrested on December 30, 2016, and ultimately charged with driving under the influence of alcohol – per se (OCGA § 40-6-391 (a) (5)), driving

under the influence of alcohol – less safe (OCGA § 40-6-391 (a) (1)), reckless driving (OCGA § 40-6-390), and following too closely (OCGA § 40-6-49). The case was called for a bench trial on May 28, 2019, outside the two-year statute of limitation for misdemeanor offenses. See OCGA § 17-3-1 (e) ("Prosecution for misdemeanors shall be commenced within two years after the commission of the crime.").

At the bench trial, when Walker announced ready, the State declared that it was not ready because the arresting officer, who had been properly subpoenaed, was unavailable. Although the trial court found that the State "was given a long time to attempt to reconnect with the officer on this issue[,]" the officer could not be reached. Walker moved to dismiss the charges for want of prosecution, and on May 31, 2019, the trial court granted that motion nunc pro tunc to May 28, 2019, without stating whether the dismissal was with or without prejudice. The State then filed the instant appeal.[1]

On appeal, the State contends that because the two-year statute of limitation for prosecuting misdemeanors had expired and as a result, it could not re-accuse Walker,

---

[1] Although the State indicated that it would file a transcript of the proceedings with this appeal, it did not do so. This lack of a transcript is not fatal to the State's appeal, as the error is apparent from the face of the trial court's order. See generally *Cameron v. Miles*, 311 Ga. App. 753, 755 (1) (716 SE2d 831) (2011) (finding transcript not essential where trial court's error appears on the face of its order).

2

the unspecified dismissal necessarily functioned as an impermissible dismissal with prejudice.[2]

Our law is abundantly clear that criminal charges may not be dismissed with prejudice. See *State v. Luttrell*, 207 Ga. App. 116 (427 SE2d 95) (1993) (trial court lacks authority to enter dismissal with prejudice for want of prosecution in criminal case); *State v. Cooperman*, 147 Ga. App. 556, 558 (2) (249 SE2d 358) (1978) ("The Civil Practice Act ([OCGA § 9-11-41 (b)]) provides for dismissal with prejudice of [c]ivil cases, but the court knows of no statutory or case authority which permits dismissals in [c]riminal cases."). In our recent opinion, *State v. Banks*, 348 Ga. App. 876, 879 (825 SE2d 399) (2019), as in this case, the trial court dismissed charges against a number of defendants for want of prosecution in an order that did not specify whether the dismissals were with or without prejudice. As to the dismissals entered in cases where the statute of limitation had indisputably run, thus barring the

---

[2] We note that if the statute of limitation is approaching and the State needs more time to prepare its case, it has the sole right to seek an entry of nolle prosequi, which, if granted, extends its limitation period by six months. See *State v. LeJeune*, 276 Ga. 179, 184 (4) (576 SE2d 888) (2003) ("Only the State may initiate a nolle prosequi order."); accord OCGA § 17-8-3; see also OCGA § 17-3-3 ("If an indictment is found within the time provided for in Code Section 17-3-1 or 17-3-2, or other applicable statute, and is quashed or a nolle prosequi entered, the limitation shall be extended six months from the time the first indictment is quashed or the nolle prosequi entered.").

State from re-accusing, this Court found that those dismissals functioned as dismissals with prejudice. Id. at 880, citing *State v. Grimes*, 194 Ga. App. 736, 736-737 (392 SE2d 727) (1990) (affirming dismissal of accusation where "the State may file another accusation against appellee prior to the expiration of the period of limitation and prosecute him on that accusation"). In the instant appeal, the State is barred from re-accusing Walker because the statute of limitation has run and the State has not sought by nolle prosequi or other means to extend that limitation period. Thus, the trial court's unspecified dismissal necessarily functions as a dismissal with prejudice, given that there is no longer any possibility for the State to re-accuse Walker. See *State v. Roca*, 203 Ga. App. 267, 268 (416 SE2d 836) (1992) (unspecified dismissal for want of prosecution in criminal case did not amount to a dismissal with prejudice or acquittal where "State could reaccuse the defendant within the applicable period of limitations").

Trial courts are vested with considerable, though not unlimited, authority and discretion in the conduct of their proceedings. *State v. Fiorenzo*, 325 Ga. App. 666, 667 (1) (754 SE2d 634) (2014); *Ezebuiro v. State*, 308 Ga. App. 282, 284 (1) (707 SE2d 182) (2011). As is outlined above, a trial court has the authority to dismiss criminal accusations without prejudice, but it lacks the authority to dismiss them with

4

prejudice. Because the trial court's unspecified dismissal necessarily functioned as a dismissal with prejudice given that the statute of limitation barred the State from re-accusing, the trial court's authority is neither implicated nor impinged by our decision, as the trial court had no authority to do what our law prohibits it from doing.

*Judgment vacated and case remanded. Reese, P. J., and Mercier, J., concur. Dillard, P. J., Gobeil, Coomer, Pipkin, and Colvin, JJ., concur fully and specially. McFadden, C. J., Barnes, P. J., and Doyle, P. J., dissent. Miller, P. J., Rickman, Brown, and Markle, JJ., concur in the judgment only of the dissent.*

A20A0544.  THE STATE v. WALKER.

GOBEIL, Judge.

I join fully in the majority opinion, but write separately to further clarify that the dismissal of an accusation after the expiration of the applicable statute of limitation impermissibly abridges the State's right to prosecute where the court lacks a legal basis to do so.

> In the [prosecuting attorney's] role as an administrator of justice, he or she has broad discretion in making decisions prior to trial about whom to prosecute, what charges to bring, and which sentence to seek. The state has both the duty and the right to protect the security of its citizens by prosecuting crime. Ga. Const. of 1983, Art. 1, § 1, Par. 2.

*State v. Perry*, 261 Ga. App. 886, 887 (583 SE2d 909) (2003) (citation, punctuation, and footnote omitted). See also OCGA § 17-1-2 ("A 'penal action' is an action allowed in pursuance of public justice under particular laws. If no special officer is authorized to be the plaintiff therein, the state, the Governor, the Attorney General, or the prosecuting attorney may be the plaintiff.").

2

In *Banks*, we acknowledged that:

> "It is well settled that a trial court is vested with considerable discretion in its conduct of court proceedings." *Ezebuiro v. State*, 308 Ga. App. 282, 284 (1) (707 SE2d 182) (2011) (citation and punctuation omitted); *State v. Brooks*, 301 Ga. App. at 359; *State v. Colquitt*, 147 Ga. App. 627, 628-629 (249 SE2d 680) (1978). While trial courts are authorized to dismiss accusations, this authority is not unlimited, and a trial court "abuses its discretion when it interferes with the State's right to prosecute by dismissing an accusation without a legal basis to do so." *Brooks*, 301 Ga. App. at 359.

348 Ga. App. 876, 880 (825 SE2d 399) (2019) (footnote omitted). Furthermore, the trial court's discretion "must not be abused and it may not be exercised in such a way as to involve a deprivation of a right." *Loomis v. State*, 78 Ga. App. 153, 163 (51 SE2d 13) (1948). Thus, a court's inherent "'power to control the proceeding of the court is subject to the proviso that in so doing a judge does not take away or abridge any right of a party under the law.'" *Perry*, 261 Ga. App. at 887, quoting *Colquitt*, 147 Ga. App. at 628. This limitation applies to the benefit of *both* parties.

Accordingly, while we acknowledge and respect a trial judge's wide discretion in the course of controlling judicial proceedings and officers of the court, that discretion is not unbounded. *Loomis*, 78 Ga. App. at 163. And, the dissent concedes

3

as much, acknowledging that trial courts may not dismiss criminal cases with prejudice. But in proposing to overrule *Banks* by upholding the trial court's dismissal following the expiration of the statute of limitation, the dissent's approach would permit trial courts to do just that. In other words, whether it is labeled a dismissal without prejudice or otherwise, the dissent effectively sanctions trial courts doing indirectly what they cannot do directly.

In *Banks*, we recognized that the trial court's dismissal of a criminal case where the statute of limitation had expired (and had not been extended) effectively barred the State from re-accusing a defendant. 348 Ga. App. at 880-881. To permit a trial court to effectively dismiss a case with prejudice would elevate form over substance and allow a court to impermissibly dismiss a criminal prosecution with prejudice. See *State v. Luttrell*, 207 Ga. App. 116, 116 (427 SE2d 95) (1993) (a trial court is without authority to dismiss criminal charges for want of prosecution if such dismissal amounts to a dismissal *with prejudice*).

The dissent claims that *Banks* promotes delayed prosecutions and strips trial courts of their power to dismiss without prejudice. What the dissent overlooks, however, is that there are remedies for prosecutorial delays and abuses shy of effectively permitting dismissals with prejudice. See, e.g., *State v. Fly*, 193 Ga. App.

4

190, 191 (387 SE2d 347) (1989) (where State refused to go forward with trial on the ground that it was not prepared to go forward with trial, court "regarded the issue as having been joined and the case as ripe for trial, and there being no evidence presented by the State, which had the burden to present evidence then, the court entered an acquittal"); OCGA §§ 15-1-3 (4) ("[e]very court has power [] [t]o control, in furtherance of justice, the conduct of its officers and all other persons connected with a judicial proceeding before it, in every matter appertaining thereto"); 15-1-4 (general contempt powers); 17-16-22 (c), 17-16-23 (c) (authorizing exclusion of defendants' statements or scientific reports not provided on demand). Further, the defendant's constitutional right to a speedy trial remains.

Finally, *Banks* does not strip trial courts of the ability to dismiss cases without prejudice, but rather recognizes longstanding law that trial courts cannot dismiss criminal cases with prejudice, which the dissent's approach effectively does.

Criminal cases can end in many ways. But, dismissing criminal cases with prejudice is not one of them. In light of the foregoing, I find that the trial court's dismissal of the charges against Walker constituted an impermissible abridgment of the State's "right and duty to protect the security of its citizens by prosecuting a

5

crime[,]" *Ambles v. State*, 259 Ga. 406, 406-407 (1) (383 SE2d 555) (1989), and should be reversed.

I am authorized to state that Presiding Judge Dillard, Judge Coomer, Judge Pipkin and Judge Colvin, join in this special concurrence.

# In the Court of Appeals of Georgia

A20A0544. THE STATE v. WALKER.

McFADDEN, Chief Judge, dissenting.

After the state's witness failed to appear at a bench trial, the trial court dismissed this misdemeanor prosecution of Sara Walker. The dismissal order did not specify whether the dismissal was with or without prejudice. It is undisputed that the statute of limitation had expired and so that the state would be barred from bringing the case again. But absent evidence to the contrary, we must presume that the trial court acted within her authority to dismiss the case without prejudice. The state is barred from bringing the case again, not by operation of the trial court's order, but by operation of the statute of limitation. So I would overrule our recent holding in *State v. Banks*, 348 Ga. App. 876 (825 SE2d 399) (2019), that the trial court lost her authority to dismiss without prejudice when the statute of limitation expired, and I respectfully dissent from the majority's opinion.

7

On December 30, 2016, Walker was arrested and charged with driving under the influence of alcohol and other misdemeanor offenses.  The case was called for trial on May 28, 2019, outside the two-year statute of limitation. See OCGA § 17-3-1 (e) ("Prosecution for misdemeanors shall be commenced within two years after the commission of the crime.").

But the state's witness, the arresting officer, did not appear.  Walker moved to dismiss the charges against her for want of prosecution.  On May 31, 2019, the trial court entered an order granting Walker's motion to dismiss for want of prosecution. The order did not specify whether the dismissal was with or without prejudice.  The state filed this appeal.

1. *Nature of the trial court's dismissal order.*

A trial court "may dismiss criminal charges without prejudice for want of prosecution." *State v. Remy*, __ Ga. __, __ (4) (840 SE2d 385) (2020). That authority is a corollary of "the trial court's power to control proceedings within its jurisdiction." *State v. Fiorenzo*, 325 Ga. App. 666, 667 (1) (754 SE2d 634) (2014). It is not without limitation. The state and the majority are right that trial courts may not dismiss criminal cases with prejudice. *State v. Luttrell*, 207 Ga. App. 116 (427 SE2d 95) (1993). See also *State v. Aldridge*, 259 Ga. App. 673, 673-674 & n.2 (1)

8

(577 SE2d 863) (2003) (trial courts may not interfere with the state's right to prosecute, so generally, courts may not dismiss accusations with prejudice).

And I agree with the majority that in this case the operation of other law, the statue of limitation, appears[1] to make the dismissal at issue functionally a dismissal with prejudice. It does not follow, however, that the trial court overstepped her authority.

In civil cases, the rule as to dismissals for want of prosecution is the same. "A dismissal for failure of the plaintiff to prosecute does not operate as an adjudication upon the merits[.]" OCGA § 9-11-41 (b). Nevertheless it is well settled that in civil cases a dismissal without prejudice can, under certain circumstances function as a

---

[1] The assumption that the passage of two or more years meant that the state was barred from re-accusing the defendants may not be correct. Although generally misdemeanor prosecutions must be commenced within two years after the commission of the crime, OCGA § 17-3-1 (e), our Code includes certain tolling and savings provisions that allow the state to prosecute misdemeanors beyond two years of their commission. OCGA §§ 17-3-2, 17-3-3. See generally *State v. Outen*, 296 Ga. 40, 42-43 (2) (764 SE2d 848) (2014).

In particular OCGA § 17-3-3 provides, "If an indictment is found within the time provided for in Code Section 17-3-1 or 17-3-2, or other applicable statute, and is quashed or a nolle prosequi entered, the limitation shall be extended six months from the time the first indictment is quashed or the nolle prosequi entered." We have held that OCGA § 17-3-3 applies to accusations. *Alexander v. State*, 192 Ga. App. 211, 211 (384 SE2d 436) (1989). But we have found no cases that address whether it applies to dismissals without prejudice. And that question is not before us today.

9

dismissal with prejudice without violating that statutory constraint. See *Hatton v. MARTA*, 310 Ga. App. 141, 141-142 (1) (712 SE2d 141) (2011) (statute of limitation barred plaintiff's action filed after trial court had dismissed prior action for her failure to appear for court-ordered mediation).

So I conclude that the dismissal here was without prejudice. "Absent evidence to the contrary, we presume that trial judges, as public officers, follow the law in the exercise of their statutory duties and authority." *Brooks v. State*, 301 Ga. 748, 752 (2) (804 SE2d 1) (2017). Here, there is no evidence that the trial court failed to follow the law. "The court did not state the incorrect [designation] in its order, and nothing in the record indicates that the court was unaware of its responsibility." *Price v. State*, 305 Ga. 608, 613 (4) (825 SE2d 178) (2019) (citation omitted). So we must presume that the trial court properly dismissed the charges against Walker without prejudice. See *Price*, 305 Ga. at 612-613 (4) (while trial court order did "not specifically reflect that the trial judge exercised its broad discretion as the thirteenth juror, this [c]ourt must presume that the trial judge knew the rule as to the necessity of exercising his discretion, and that he did exercise it") (citation and punctuation omitted); *Brooks*, 301 Ga. at 752 (2) (given the presumption of regularity, trial court's "denial" rather than "dismissal" of an untimely motion, without more, could not be assumed to be an

improper decision on the merits); *Dixon v. State*, 350 Ga. App. 211, 214 (1) (828 SE2d 427) (2019) (given presumption of regularity and absence of express showing otherwise, "we will not read . . . error into the trial court's ruling").

2. *State v. Banks*.

But that does not end the inquiry. The statute of limitation had expired before the trial court dismissed the case. So the state argues, citing *State v. Banks*, 348 Ga. App. at 876, and the majority agrees, that the trial court lost the power to dismiss when it expired. That is indeed our holding in *Banks*. In *Banks* we reasoned that any dismissals entered after the expiration of the statute of limitation would "amount[] to impermissible dismissals with prejudice," because the state would be barred from re-accusing. Id. at 880. But *Banks* was wrongly decided, and we should now overrule it.

*Banks* cites three cases, *State v. Luttrell*, 207 Ga. App. at 116; *State v. Grimes*, 194 Ga. App. 736 (392 SE2d 727) (1990); and *State v. Roca*, 203 Ga. App. 267 (416 SE2d 836) (1992). Nothing in any of them warrants such a transfer of power.

In *Luttrell*, 207 Ga. App. at 116, we simply reversed an explicit dismissal with prejudice. In *Grimes*, 194 Ga. App. at 736, the state appealed from a dismissal without prejudice, and we simply reaffirmed the trial court's authority to order such

11

dismissals. We did observe in *Grimes* that the state would be able to re-accuse the defendant prior to expiration of the statute of limitation. Id. at 736-737. But that observation was dicta and not essential to our holding. We did not hold that the state's ability to re-accuse prior to the expiration of the statute of limitation is what made the dismissal one without prejudice.

In *Roca*, 203 Ga. App. at 267, we reversed a dismissal that had been entered on the basis of double jeopardy. The trial court's finding of double jeopardy had been founded on the involuntary dismissal of the first prosecution. As to that underlying involuntary dismissal, we held, "[t]he trial court was authorized to dismiss the accusation for want of prosecution, but such dismissal *does not amount to a dismissal with prejudice*, or an acquittal." Id. at 268 (emphasis added). It appears that in *Banks* we misconstrued our use in *Roca* of the phrase "amount to a dismissal with prejudice."

3. *Stare decisis.*

Principles of stare decisis do not prevent us from overruling *Banks*. "When we consider whether an earlier decision ought to be reexamined, we consider a number of factors, including the age of the precedent, the reliance interests involved, the workability of the prior decision, and most importantly, the soundness of its

12

reasoning." *Southall v. State*, 300 Ga. 462, 467 (1) (796 SE2d 261) (2017) (citation and punctuation omitted).

Regarding the age of *Banks*, it was decided less than two years ago and it has never been cited in a published opinion. *Banks* does not implicate any "significant reliance interest," *Southall*, 300 Ga. at 467 (1) (citation and punctuation omitted), because it does not affect either the state's or the defendant's substantive rights; any barrier to the state's right to prosecute does not result from the construction of the trial court's non-specific order of dismissal as a legal dismissal without prejudice. As for the practicality of *Banks*, application of its rule interferes with the trial court's "right to keep its calendar and determine the order in which cases are tried." *Grimes*, 194 Ga. App. at 737. Finally, as explained above, the most important factor, the soundness of its reasoning, weighs against it. So I would overrule it.

Nevertheless, the majority finds the rule set out in *Banks* to be good policy and therefore adopts it. I suppose we can do that. Trial court's authority to dismiss for want of prosecution is founded on case law. See *Remy*, __ Ga. at __ (4), citing *State v. Bachan*, 321 Ga. App. 712, 714 (742 SE2d 526) (2013), for the proposition that a trial court "may dismiss criminal charges without prejudice for want of prosecution."

13

But the consequence of our decision in *Banks* is that the state is empowered, by delaying prosecutions, to strip trial courts of some of their power to control proceedings within their jurisdiction, specifically their power to dismiss without prejudice. That anomaly is too much for me to swallow. So I respectfully dissent.

I am authorized to state that Presiding Judge Barnes and Presiding Judge Doyle join in this dissent and that Presiding Judge Miller, Judge Rickman, Judge Brown, and Judge Markle concur in judgment only as to this dissent.